Christian, J.,
delivered the opinion of the court.
This^ is an appeal from the circuit court of Fauquier. The court is of opinion that the decree of the circuit court, overruling certain exceptions to the commissioner’s report, was an interlocutory decree, “adjudicating the principles of the cause,” from which an appeal might be taken without awaiting a final decree disposing of all the questions involved in the cause. The main subject of controversy between the parties was, whether under their contract the bond of the appellant’s intestate should be credited by one half of the net profits of the partnership in the business of sheep raising; and whether under the contract of partnership the appellee was entitled to compensation for services rendered in conducting the business of said partnership. These questions were distinctly raised by the exceptions to the commissioner’s report, and distinctly adjudicated by the court when it overruled these exceptions. The fact that the report was recommitted *as to other matters did not affect these questions. They were finally passed upon by the court and withdrawn from further consideration by the commissioner; and quoad these questions the decision of the court was final.
The court is therefore of opinion that the appeal in this case was not improvidently awarded.
The court is further of opinion that the decree of the circuit court was erroneous in overruling the eighth exception to the commissioner’s report taken by appellant. By the express terms of the contract Garrett’s bond was to be credited by “his portion of the proceeds from the sales from the flock of sheep.” According to the commissioner’s report (not excepted to) one half of the net proceeds of the partnership amounted to $2,428.75. This amount Bradford received in the fall of 1862. At that time Confederate currency was but slightly depreciated, not more than Federal currency. It was then universally received in payment of debts, and its purchasing value was little less than gold. At that time property was bought and sold for this currency, and except where gold was purchased with it, the depreciation was inconsiderable.
It is shown by .incontrovertible proof in the record that Bradford in the fall of 1862 sold four hundred sheep, of which Garrett was joint owner, and received the proceeds, and invested the same in Confederate bonds not for the firm, but in his own name. He now claims that these Confederate bonds, by the result of the war being worthless, .he is not accountable to Garrett for the funds he received in the fall of 1862. To support this pretension he says he “delivered” to Garrett in 1863 one of these bonds for $2,000, and' claims credit for that. It must be observed, however, *that neither in his answer, nor in his deposition, which is twice taken, does he pretend that the delivery of this bond to Garrett was received by him in payment of what was due him on *196 account of the partnership, or that he, Bradford, so informed him that he designed it as a payment to him of what was due on account of the partnership transactions. He simply says he “delivered” to Garrett one of those bonds for $2,000. Garrett’s account of this transaction is as follows: “The Confederate bond for $2,000 (No. 2,173) was given or loaned to me to carry to Washington to show our friends, and keep them from being imposed upon by spurious Confederate bonds which the northern people were trying to sell in Washington, as the genuine Confederate bond could not be assigned except with the knowledge and consent of an officer of the Confederacy, and I never dreamed of its being my personal property.’.’ This account of the transaction is not denied by Bradford, and must be taken as true, and is entirely consistent with Bradford’s allegation in his answer, that he “delivered” a $2,000 Confederate bond to Garrett. Garrett’s statement must, therefore, be taken as true. And it is further confirmed by the production of the bond which bears date Aiigust, 1863, is issued to Bradford and had never been assigned to Garrett.
The court is therefore of opinion, that under the contract of the parties Garrett was entitled as a credit on his bond to the scaled value of the sum of $2,428.75 on the 31st December 1862, the date at which, by the report of the court, the partnership ceased, showing one-half of the net profits to be the sum above named.
The court is further of opinion, that there is no error in the decree of said circuit court in overruling *the appellant’s exception as to certain allowances made to Bradford for services rendered in the joint business of sheep-raising. By the contract of the parties it was stipulated that, after the year 1860, Bradford “should receive for his services, in the general control of the flock, such remuneration as he and Garrett may agree upon.” The parties being separated by the existence of the war, could make no agreement on the subject for themselves, and none was made, but we think that Bradford is entitled to reasonable compensation for the services he has rendered, which have been fairly estimated by the commissioner.
The court is therefore of opinion, that for the error above referred to in overruling the appellant’s eighth exception, the said decree be reversed, and in all other respects the same be affirmed.
The decree was as follows:
The court is of opinion, for reasons stated in writing, &c., that the decree of the said circuit court was erroneous in overruling the appellant’s eighth exception to commissioner Latham’s report; this court being of opinion that under the contract of the parties, set forth in the appellant’s bill, the bond of Garrett was entitled to a credit of the scaled value of the sum of $2,428.75, that being one-half of the net profits of the joint business of sheep-raising in December 1862, as ascertained by said commissioner’s report. It is therefore adjudged and ordered that for this error the said decree be reversed and annulled, but that the same be affirmed in all other respects, and that the appellant recover against the appellee his costs by him expended in the prosecution of his ap peal here; and *it is ordered to be certified to said circuit court, with instructions to said court to direct its commissioner. in making a settlement of accounts between the parties, to credit the bond of said Garrett with the said sum of $2,428.75, scaled from its nominal value to its value in gold, as of the 31st of December 1862, which is ordered to be certified to said circuit court.
Decree REVERSED.