# CHARLESTON.

## Hoy v. Hughes *et al.*

Submitted January 26, 1886.—Decided March 27, 1886.

1. Under our statute—ch. 157, Acts 1882—this Court has no authority to award an appeal from any *appealable* decree, whether final or merely interlocutory, or to consider or review any errors in such decree or any decree or order preceding it in the cause, unless the appeal from such appealable decree is taken before the expiration of two years from its date. (p. 780.)

2. If after the expiration of two years from the date of such appealable decree an appeal is, as it may be, properly obtained from a subsequent decree for errors not arising out of such decree or any order or decree preceding it, this Court can only consider and review the errors complained of in such subsequent decree or the orders and decrees entered in the cause subsequent to said appealable decree. (p. 782.)

3. A decree in a suit brought to set aside a conveyance as fraudulent and subject the land therein conveyed to the payment of the plaintiff's debt, which decrees that said conveyance is fraudulent as to the plaintiff's debt, ascertains the amount of said debt, and orders the payment of the costs of suit, is an appealable decree, although it does not decree the sale of the land, but refers the cause to a commissioner to report whether or not the rents and profits of the land will pay the said debt and costs within five years. (p. 783.)

*Kennedy & Littlepage* for appellants.

*Mollohan & Laidley* for appellee.

SNYDER, JUDGE:

Suit in equity commenced September 19, 1874, in the circuit court of Kanawha county by Thomas Hoy against Patrick Hughes and Ann Hughes his wife and others. The bill alleges that the defendant, Patrick Hughes, had become and was the surety on an attachment bond in an action brought by the plaintiff against Burke and McCardle in which the plaintiff recovered a judgment for $226.67 with costs; that by reason of said suretyship the said Patrick Hughes became liable to pay said judgment, and that the same is due and unpaid; that at the time said Patrick became so liable he was the owner of a house and lot in the city of Charleston, which he subsequently and without any valuable consideration conveyed to a trustee for the use of the said Ann Hughes, his wife, with the intent to defraud the plaintiff and other creditors; and that said Patrick is wholly insolvent. The bill prays that said conveyance to the said Ann Hughes may be declared void and set aside as to the plaintiff's said debt and the said house and lot subjected to the payment thereof.

Patrick Hughes answered the bill alleging, in general terms, that said conveyance to his wife was for a good and valuable consideration, and that it was not made to defraud the plaintiff or any other person, &c. Ann Hughes appeared for the sole purpose of having the bill dismissed as to her for the want of legal service of the summons upon her and moved the court in various forms and by tendering her plea in abatement to have the process quashed and set aside as to her, which motions the court overruled and rejected her said plea. She then demurred to the plaintiff's bill. The court overruled her demurrer and required her to answer on a day specified which she failed to do. Subsequently on July 11, 1882, the cause was heard on the bill taken for confessed as to all the defendants except Patrick Hughes, upon the answer of said Patrick with replication thereto, and the proofs filed, and thereupon the court adjudged, ordered and decreed that the conveyance of said house and lot by the said Patrick to his wife was fraudulent and void as to the plaintiff's debt, and that the plaintiff was entitled to subject said house and lot to the satisfaction of his said debt, which was ascertained to be as of that date $372.66, and the costs of this suit including

the sum of $15.00 in said costs. And then by a decree of the same date, and on the motion of Patrick Hughes, the cause was referred to a commissioner to report the rental value of said house and lot and whether the rents thereof will pay off the debts in five years.

The commissioner having reported that the rents and profits would not pay off the debts in five years, the court on July 11, 1884, entered a decree for the sale of said house and lot, directing the commissioner appointed to make the sale to give "four weeks' notice of the time, terms and place of sale in some newspaper published in Kanawha county." The sale was made and a report thereof returned to court. Patrick Hughes excepted to said report upon the ground, among others which need not be stated, that the commissioners "did not give four weeks' notice" of the sale as required by the decree."

On December 29, 1884, the court entered a decree overruling the exceptions to the report of sale and confirmed the same. On January 6, 1885, a motion was made to set aside the decree confirming the sale, so far as it overrules the exceptions to the report of sale and directs the distribution of the proceeds of sale, which being objected to by the defendant, Patrick Hughes, was overruled.

From the said decrees of July 11, 1882, July 11, 1884, and December 29, 1884, the defendants, Patrick and Ann Hughes obtained this appeal.

All the errors assigned by the appellants, except one as to the decree of December 29, 1884, relate to the decree of July 11, 1882, which was rendered more than two years before the appeal was allowed. At the time said decree was pronounced, ch. 157, Acts of 1882, was in force, and so far as applicable governs this appeal. By said act no appeal can be entertained from any decree of any character, whether final or interlocutory, which had been rendered more than two years before the petition for the appeal was presented. *Lloyd* v. *Kyle*, 26 W. Va. 534. In *Buster* v. *Holland, supra,* p. 510, this Court decided that, where an appealable decree has been rendered in a cause, no error in such decree can be reviewed by this Court unless the petition for the appeal had been presented within two years from the date of such de-

decree, even though such decree was not final and a final decree was subsequently rendered from which an appeal was properly obtained, if the errors complained of in such final decree arose solely from errors committed in such former appealable decree.

In neither of said causes has this Court positively decided that, where an appeal has been properly obtained from a subsequent decree for errors arising therein and unconnected with any decree entered more than two years prior to the time the appeal was granted, it cannot review on such appeal errors committed in a former *appealable* decree rendered more than two years prior to the granting of such appeal. But it has decided that no appeal can be properly allowed from such subsequent decree for errors arising wholly out of such former appealable decree, though such errors are repeated in and constitute the basis of such subsequent decree from which the appeal was allowed. *Lloyd* v. *Kyle*, 26 W. Va. 534; *Buster* v. *Holland, supra,* p. 510.

It seems to me the principle thus decided necessarily implies, that this Court can not review any errors in an *appealable* decree which was rendered more than two years before the appeal was allowed even though such decree was not final and the appeal was rightly obtained from a subsequent decree for for errors which did not arise out of errors in said former appealable decree and had no connection therewith. It would certainly be illogical and anomalous to hold that the court could review and correct errors in a decree from which it could not grant an appeal. That is, by reason of the statute, as construed in the decisions aforesaid, the court has no power to grant an appeal from any decree for errors committed in or arising out of an appealable decree rendered more than two years before the petition for the appeal is presented, still, if the appeal is properly awarded from a subsequent decree rendered within said two years, the court may review such former appealable decree. Such a rule or construction would make the right of the party to have the decree reviewed dependent upon the fact that an error was committed in a subsequent decree and not upon the ground that error existed in the decree sought to be reviewed. If in such case an error happened to be committed in the subsequent proceedings of

the cause upon which the party could base his right to an appeal he could have such former decree reviewed, but it it happened that no such error was committed in the subsequent proceedings then the party could not have the errors in such former decree reviewed. This, it seems to me, could not have been the purpose or intention of the legislature. I am, therefore, of opinion that according to the true intent and object of the statute and the principles heretofore announced in the decisions of this Court, that we have no authority to consider or review errors in any appealable decree which was rendered more than two years before the appeal was allowed. Of course this limitation applies to appealable decrees only and not to orders or decrees from which no appeal would lie at the time they were rendered. But it applies to all appealable decrees whether they are final or merely interlocutory. In other words, it is the policy and object of the statute to deny to any party not only the right to obtain an appeal from an appealable decree of any character after two years from its date, but to deny him the right to have such decree reviewed unless an appeal is granted him within said two years. The granting of an appeal from a subsequent decree in the same cause after said two years will not give this Court jurisdiction to review such former appealable decree under any circumstances or in any cause. Upon such appeal the errors in such subsequent decree, which are not founded upon, or which could not have been corrected on an appeal from such former appealable decree if one had been taken, are the only errors which this Court is authorized to consider or review upon the appeal from such subsequent decree.

It conclusively follows from this construction of the statute, that, if the said decree of July 11, 1882, was an appealable decree, no error existing in it or committed in the orders and decrees preceding its rendition can be considered or reviewed on this appeal. The first question presented, then is, was that an appealable decree? To make a decree appealable under our statute, it is not required that it shall be final. Many interlocutory decrees are in express terms made appealable. In this respect our Code of 1868, and our present statute are materially different from the statute of Virginia in force when this State was formed, and therefore the Vir-

ginia decisions on the question of what is an appealable decree in this State have very little, if any, application.

Our statute—sec. 1, ch. 157, Acts 1882—authorizes an appeal from any decree " adjudicating the principles of the cause." Such decree need not be final but it must adjudicate all the questions and matters within the pleadings and properly arising in the cause. *Hill* v. *Als, supra,* p. 215. Even under the Virginia statute the court of appeals of that State has decided that, "A decree, which overrules certain exceptions to a commissioner's report and confirms the same as to the questions involved in these exceptions, is a decree settling the principles of the cause as to these questions from which the party excepting may appeal, although the report is recommitted to the commissioner as to other matters involved in other exceptions." *Garrett* v. *Bradford,* 28 Gratt. 609. But I am very doubtful whether such a decree would be considered an appealable decree in this State. *Laidley* v. *Kline,* 21 W. Va. 21.

In *Buster* v. *Holland, supra,* p. 510, this Court held that a decree ordering the sale of land was an appealable decree. See also *Lloyd* v. *Kyle,* 26 W. Va. 534; *Core* v. *Strickler,* 24 W. Va. 689, and *Whitney* v. *Bank,* 13 Pet. 6.

It will appear from the statement before given of the pleadings and proceedings in this cause, that the sole object of the suit was to set aside the deed from the defendant, Patrick Hughes, to a trustee for his wife, and subject the house and lot therein conveyed to the satisfaction of the plaintiff's debt. The only substantial controversy presented by the pleadings is, whether or not said house and lot are liable for the payment of the said debt. The said decree fully determined and adjudicated this controversy, and not only this, but it ascertained and fixed the amount of the plaintiff's debt and decreed costs. This was plainly an adjudication of all the principles in the cause. The subsequent proceedings were simply in the nature of an execution of this decree or carrying it into effect. I am, therefore, of opinion, that said decree of July 11, 1882, was an appealable decree, and that upon this appeal we can not consider or review any of the errors complained of in that decree or in any order or decree entered in the cause prior to the date of that decree.

The only error, which we can consider on this appeal, is that which relates to the decree of December 29, 1884. The appellants complain that this decree is erroneous because it overruled the exceptions to the report of sale. It will be observed that the appellant, Ann Hughes, did not except to the report, and of course she can not complain for the first time in this Court that the circuit court did not sustain exceptions made by another party unless that party also can complain of said action of the court. The question, then, is, can Patrick Hughes, the party who made said exceptions, complain? It appears that after said decree had been entered a motion was made on January 6, 1885, presumably at the same term, to set aside the decree overruling said exceptions. To the doing of this the appellant, Patrick Hughes objected, and the motion was overruled. It is only fair to the circuit court, upon the face of these proceedings, to hold that the motion was overruled for the reason that Patrick Hughes, by objecting to the setting aside said decree, authorized that court to act upon the motion as though he had withdrawn his exceptions. This, I think, was the effect of his objection. By resisting the motion to set aside the decree overruling his exceptions, Patrick Hughes as effectually waived his exceptions as if he had in terms withdrawn them, and having thus waived them he can not insist upon them in this Court.

This question attempted to be raised by this assignment of error may not be identical with that decided in *Marling* v. *Robrecht*, 13 W. Va. 441, point 9 of syl. but I am not positive that it does not come within the principle of that decision, and if so, the publication of the notice of sale was sufficient. But as this case does not require a decision on this point, no definite opinion is expressed upon it. For the reasons before stated the appeal as to said decree of July 11, 1882, is dismissed as having been improvidently awarded, and the other decrees complained of are affirmed.

AFFIRMED.