# CHARLESTON.

## POLING v. BOARD OF EDUCATION.

Submitted June 9, 1901.   Decided December 7, 1901.

1. MANDAMUS—*Board of Education.*
    *Mandamus* does not lie to enforce against a board of education the payment of a claim for supplies, furnished for use in school houses, which has not been reduced to judgment against such board or merged in an order issued therefor.   (p. 378).

2. MANDAMUS—*Judgment—Order.*
    *Mandamus* does lie to enforce the payment of an order issued by such board and for the satisfaction of a judgment recovered against it.   (p. 379).

3. MANDAMUS—*Board of Education.*
    When a board of education refuses to allow or disallow a claim for such supplies and refuses to consider it at all, *mandamus* lies to compel it to act upon the claim, but not to control it in so doing, or to compel an allowance of the claim or the issuance of an order therefor.   (p. 380).

Error to Circuit Court, Barbour County.

Petition of John W. Poling for a writ of *mandamus* to the board of education of the district of Philippi.   From an order refusing the writ, petitioner brings error.

*Reversed.*

J. Hop Woods, for plaintiff in error.

SAM V. Woods, for defendant in error.

POFFENBARGER, JUDGE:

This is a writ of error to a judgment of the circuit court of Barbour County, quashing an *alias* alternative writ of *mandamus,* issued upon the petition of John W. Poling, agent, suing for the use and benefit of his principal, James Paul, for the purpose of enforcing, against the Board of Education of the district of Philiippi, in said county, the payment of six hundred and thirty dollars, under and in pursuance of the following contract: "This agreement, made this 7th day of October, 1899, by and between J. W. Poling, agent, party of the first part, and G. A. Lough, J. S. Thacker and David Sturm,

parties of the second part, members of the Board of Education of Philippi district, Barbour County, State of West Virginia;

That the said parties have purchased and do hereby purchase of the said first party the following-named articles at the following prices, to-wit:

| No. | Names of articles. | Price. |
|---|---|---|
| 18 | Maps of West Virginia...................$12.50 Each. | |
| 18 | Historical Charts ..................... 22.50 Each. | |

Total .........................$630.00

The said articles to be fully equal to samples shown, and are to be shipped on or about the 20th day of October, 1899, to Philippi postoffice and address, or Philippi express office, or Philippi freight office, Barbour County, West Virginia, for the said second parties, for which the said second parties agree to pay to the said first party the sum of six hundred and thirty dollars.

Witness our hands this seventh day of October, 1899.

G. A. LOUGH, *President.*
DAVID STURM,
J. S. THACKER,
*Commissioners.*"

The original writ was served by delivering a copy thereof to the President of the Board of Education and a motion to quash the return of service was sustained and an *alias mandamus nisi* awarded. Service of the latter was made upon the secretary of said board and then the court sustained a motion to quash said preliminary writ.

The petition shows that said contract was made and the maps and the charts were delivered to the president of said board; that said articles were such furniture and appliances for the school house as the law authorized the board to purchase, that, although petitioner had fully performed said contract, the board refused to pay said sum of six hundred and thirty dollars or any part thereof, and to issue to the petitioner or his principal an order therefor, or any part thereof, upon the sheriff of said county, or to make any order whatever in respect thereto; and that when said contract was entered into, said board had assembled and was in session as a board, acting after due notice to all the members thereof. The prayer is that an alternative writ of *mandamus* may be awarded, directed to said board of education,

to show cause, if any it can, why it should not be required to audit the said sum of six hundred and thirty dollars, with interest thereon from said 7th day of October, 1899, provide for its payment by a special levy; if necessary, upon the taxable property within said district, and draw an order for the same upon the sheriff of said county in favor of the petitioner, together with the costs of the proceeding.

This proceeding is brought under section 37 of chapter 45 of the Code, which reads as follows: "All school houses, school house cites and other property belonging to any board of education and used for school purposes shall be exempt from execution or other process, and from lien on, or distress for taxes or county levies; but when any order of the board, upon the sheriff of the county, or judgment or decree for a sum of money against the said board has been presented to such sheriff without obtaining payment, payment thereof may be enforced by the circuit court by *mandamus* or an order for a specific levy on the property taxable in the district."

The only case found, or cited, in which said section has been construed is that of *Canby* v. *Board of Education*, 19 W. Va. 93. That was an action of *assumpsit*, in which the declaration contained a special count, setting up an order issued by the Board of Education for the amount sued for, and common counts in *assumpsit*. The Court decided in that case that such an action cannot be sustained upon an order issued by a board of education, nor upon an original claim for which such order has been issued, and that the remedy of the person holding such order is by *mandamus* from the circuit court of the county. It was not there decided that *mandamus* will lie to enforce, against a board of education, the payment of a claim for which an order has not been issued. All that is said in the opinion, delivered by JUDGE HAYMOND, in respect to such claim, is that "When there is no dispute between the board and the party, who makes the claim for building, &c., then of course it is supposed by the law, that a proper order will be made and delivered to the claimant. But if in such case or in any case, where the party had a claim against the board and the board refused to give an order for its payment, it would be competent for the claimant to sue the board and obtain judgment therefor; but for the reasons above stated I do not see, that a judgment when obtained against the board would place him in any better

situation, under the law, than a proper order on the sheriff, such as was given in this case."

In respect to claims against a county court, the following statutory provision is made: "No suits shall be brought against a county court for any demand for a specified sum of money founded on contract, except an order on the county treasury, until such demand has been presented to such court and been disallowed by them in whole or in part. But if the court neglect or refuse to act on such demand by the close of the first session after that at which it is so presented, or of the second session after it is filed with the clerk pursuant to the preceding section, for presentation, it shall be deemed to have been fully presented and disallowed." No such provision seems to have been made in reference to claims against boards of education, and section 7 of chapter 45 of the Code, provides that such board shall be a corporation and as such may sue and be sued, plead and be impleaded. Under this general provision, any proper action, for the enforcement of a claim against such corporation, may be brought, and any proper proceedings may be had, except where limitations are imposed by the statute. As has been shown, the property of a board of education cannot be taken upon execution or other process, nor can any lien thereon be obtained. In lieu of execution, after judgment, or after an order has been allowed for the claim, the creditor may proceed by writ of *mandamus.* That is as far as the statute gives a creditor the benefit of a remedy by *mandamus.* Whether such remedy exists independently of statute will be noticed hereafter. Section 40 of said chapter allows such writ to compel any board of education to lay any of the levies required by law, unless good cause be shown to the contrary, but that is general and has no direct relation to the claim of a creditor. Of course, as has been stated, there is a further limitation, as decided in *Canby* v. *Board of Education,* in this, that no action of debt or *assumpsit* can be brought upon an order, for the statute puts an order upon the same footing as a judgment against the board, and gives *mandamus* as a remedy for enforcing payment.

While the statute does not expressly give a creditor a remedy by *mandamus* against a board of education further than has been shown, it is the duty of such board to allow or disallow, in its sound discretion, claims presented to it for payment. By way of payment it can only issue an order for what it finds to be

due. JUDGE HAYMOND, in *Canby* v. *Board of Education,* calls that a conditional payment. Nothing is better settled, in this State and elsewhere, than that *mandamus* will not lie to control an inferior court, tribunal or officer in the exercise of judicial discretion and judgment. *State* v. *Buchanan,* 24 W. Va. 385; *Wince* v. *Board,* 28 W. Va. 227; *Satterlee* v. *Strider,* 21 W. Va. 789; *Miller* v. *County Court,* 34 W. Va. 288. But it is equally well settled that if such inferior tribunal refuse to exercise its discretion it may be compelled to act by *mandamus,* but the manner of its action or result of its decision cannot be thus controlled. *Miller* v. *County Court,* 34 W. Va. 285; High's Extr. L. Rem., s. 348; Merill on Mandamus, s. 126. In the section of High's Extr. L. Rem. referred to it is said, "The writ will not issue to control or in any manner interfere with the decision of municipal tribunals as to demands against the municipality, upon which they have exercised their discretion, yet these decisions in no manner negative the right of interference for the purpose of setting the auditing boards or officers in motion, compelling them to act when they have refused to proceed. And the rule is well established, that when such officers have refused to act upon municipal claims properly presented to them, and subject to their control, *mandamus* will lie to set them in motion and to compel them to audit and pass upon demands presented, without requiring them to render any particular decision, or to audit the demands at any specified amount. In other words, the court may properly interfere to compel action upon the part of such officers, without controlling the mode of their action, or determining its result."

The alternative writ here shows that the petitioner has fully performed his contract and has requested said board of education to pay him the amount of his claim, and that the board has not only refused to pay it or any part of it, but has also refused "to make any order whatever in respect thereto." This amounts clearly to a refusal to consider the claim, and a refusal to act upon it in any way, either to allow or to reject it. From what appears in the alternative writ, the claim is such as merits at least consideration. It is for the purchase-money of supplies for the schools of the district under the control of said board. It does not appear what defences there may be to the claim, as the defendant was not required to file its answer. But whatever there may be, the board of education should consider them and

pass upon them in determining whether it will allow or reject the claim. The only answer it can make is to show that it has acted upon the claim and has not refused to exercise the discretion and judgment in respect to the matter, vested in it by law. If, in the exercise of such judgment and discretion, it should decide that the claim ought not to be paid, it should reject it, and the claimant will then have his proper ordinary remedy at law for determining whether there is a liability upon the board of education by reason of the contract set forth in the writ, and if so, the amount to which he is entitled. The board of education, in passing upon the claim, should issue an order for whatever sum it may think the claimant is entitled to. This he may accept or refuse as to him shall seem best. High's Extr. L. Rem., s. 348.

There are some cases in which the courts have gone further than this in the exercise of jurisdiction by *mandamus*, with respect to claims against municipal corporations. In s. 350 of High's Extr. L. Rem. it is said, "When certain services are authorized by statute and made a charge against the county, *mandamus* will lie to its board of supervisors requiring them to receive and allow a claim against the county for the services thus rendered. Thus, when it is provided by statute that medical service rendered for the indigent sick of a county shall be made and charged upon the county, the duty imposed upon the supervisors to allow a claim for such services is treated as an official duty, peremptory in its nature, which they are not at liberty to disregard, and in the discharge of which they cannot be permitted to follow their own caprice. *Mandamus* will, therefore, lie in such a case to compel the performance of the duty." The cases cited in support of this are, *People* v. *Supervisors*, 3 Mich. 475; *State* v. *Commissioners*, 136 Ind. 207; *People* v. *Auditors*, 10 Mich. 307. An examination of these cases shows that the claimants were without any remedy whatever except by *mandamus*, by reason of constitutional and statutory provisions in those states. The proposition, therefore, cannot be regarded as a general one, and cannot be applied here for the ordinary remedy by an action of *assumpsit* clearly exists in this State against a board of education.

The case of *Raisch* v. *Board of Education*, 81 Cal. 542, is cited and relied upon by counsel for plaintiff in error. That case holds that *mandamus* lies to compel a board of education

to draw its warrant upon the school fund to pay for supplies furnished to the schools under its care, in pursuance of its contract, and that the remedy against its members by action for damages for neglect of their duty is not so competent to afford relief upon the subject matter of the application, or so convenient, beneficial, and effective, as the proceeding by *mandamus,* and will not, therefore, supersede that remedy. The decision was by a divided court, three of the judges dissenting. It was also under a statute providing that "Payments from said fund shall only be made by the treasurer of said city and county upon drafts drawn on him by the board of education, signed by the president and the superintendent of common schools and countersigned by the auditor of said city and county." This provision is very different from ours. Here a judgment against a board of education is as good as an order and authorizes the sheriff to pay the judgment creditor the amount of his recovery. None of the judges, in that case, contended that there was any other remedy against the board of education. So the principles upon which that decision rests are not applicable to this case.

The case of *Miller* v. *County Court,* 34 W. Va. 285, is somewhat similar to this. There the sheriff made his report to the county court, and claimed certain credits which the court refused to allow. He sought by *mandamus* to compel the county court to allow these items and the circuit court, taking his view of the matter, awarded a peremptory writ, commanding the county court to make the allowance in the next settlement with the sheriff, but this Court reversed that judgment and held that the discretion of the county court could not be controlled by *mandamus.* In *Satterlee* v. *Strider,* cited, the county court of Jefferson County had subscribed two hundred and fifty thousand dollars to the capital stock of a railroad company, to be paid in its bonds, which sum was to be expended on that portion of the road located within the county, and appointed three citizens of the county a committee to take charge of the bonds and deliver them to the company in such amounts as in their judgment would be at the time a fair compensation to the company for the work done in the construction of that part of the road. When the company had completed the road through the county, all the bonds except eight thousand one hundred dollars had been delivered, but before the road was completed, the county court made another order, requiring the bonds then undelivered

to be countersigned by the president of the county court and his concurrence and approval before they could be delivered. The president refused to consent to the delivery of the orders because, in his judgment, the company had not done the amount of work in the county to entitle it to the bonds, and it was held that *mandamus* would not lie to compel him to countersign and deliver the bonds either to the committee or to the company, because he was vested with discretion in the matter, which could not be controlled by *mandamus*. Various provisions of the statute recognize judgments in the ordinary legal sense against county courts, cities, towns and boards of education, and provide for enforcing satisfaction of them by writ of *mandamus,* all of which strengthens the view that *mandamus* will not lie to compel payment and satisfaction of a claim which has never been reduced to judgment nor put in the form of an order. It is very clear that the ordinary action of *assumpsit* or debt for claims of that kind is better calculated to determine the rights of the parties in ascertaining whether there is a liability and what it amounts to than *mandamus*. The matters of law and fact are presented and passed upon in a more orderly and formal manner than by *mandamus,* and no reason suggests itself why a distinction should be made in this respect between claims against individuals and private corporations on the one hand and claims against public corporations on the other hand should be made, except that made by the statute in providing a way by which judgments against public corporations may be satisfied.

Several authorities are cited on the question of the liability of the board of education, but, as that question is not properly presented here, there is no occasion for examining them.

For the foregoing reasons the judgment of the circuit court is reversed and the cause remanded to be further proceeded with according to the principles herein announced and further according to law.

*Reversed.*