# CHARLES TOWN.

### ·ARMSTRONG v. ROSS.

Submitted June 17, 1904.  Decided September 12, 1904.

1.  ORDER OF REFERENCE—*Appeal.*
      An order of reference, founded on the expressed opinion of·
      the judge, without adjudicating the principles involved, is not·
      appealable.  (p. 17).

Appeal from Circuit Court, Taylor County.

Action by Adolphus Armstrong against E. L. Ross.  Decree·
for plaintiff, and defendant appeals.

*Dismissed.*

W. R. D. DENT, for appellant. ·

MOLLOHAN, McCLINTIC & MATHEWS and G. H. A. KUNST,·
for appellee.

DENT, JUDGE:

Apeal from the order of the circuit court of Taylor county
in the chancery cause of Adolphus Armstrong against E. Lodge·
Ross.

For the first time on rehearing, the question is raised as to
whether the order appealed from in this cause is appealable, it
being merely an order of reference founded on an expression of
opinion of the judge on the merits of the controversy without
any decree or order adjudicating the same.

The order is as follows:

"This day came the parties by their attorneys, and this cause came on to be heard on the bill and exhibits filed therewith and on the answer of the defendant and general replication thereto and on demurrer to part of the answer, and the deposition of the defendant and the exceptions thereto. On consideration whereof the court overrules the demurrer to the part of the answer and overrules the exceptions to the depositions. And the court is of the opinion that plaintiff by his contract with defendant has a right to a deed from the defendant with covenant of general warranty for all the coal in the Barnes' land to the extent of twenty-seven acres of coal; and to all the coal in the George H. Smith adjoining land to the extent of the deficiency, if there be any of the twenty-seven acres of coal in the Barnes land, and the right to mine and remove the coal free of damage under the surface and to air and drainage, but plaintiff is not to have right of way or roads on the top of the surface of the land on which to remove the coal. And on motion of the plaintiff it is ordered that J. Howard Cather, the surveyor of lands of this county do go the thirty-eight and one-half acres of Barnes' land named in the bill and survey its outside boundaries or lines and also survey the outside lines of coal in the land and also if by his survey he finds that there is not twenty-seven acres of coal in said Barnes' land then he shall survey enough of the adjoining coal in the George H. Simth land named in the bill to supply the deficiency and he shall also survey the outside lines of all the coal in the George H. Smith land. He shall make a plat of this survey and on it lay down the lines and their bearings and lengths of the thirty-eight and one-half acres of land and of the coal in it and of all the coal in the Smith land and of the acres of it supply said deficiency and on the plat he shall name the quantity or acres in each of the four surveys."

Under our statute appeals are allowable in any case in chancery wherein there is a decree or order adjudicating the principles of the cause. Section 1, chapter 135, Code.

The expression of the opinion of the court is not such adjudication, although an order of reference, properly or improperly, is entered in furtherance of such opinion.

The matter is still in the breast of the court and the Judge may change his opinion before entering an appealable decree. *Hanna* v. *Banks,* 55 W. Va. 185, (14 S. E. 132); *Corly* v.

*Corley*, 53 W. Va. 142, (44 S. E. 132) ; 2 Cyc. 614-616 ; 2 Enc. Pleading and Practice, 62-65.

The appeal is therefore dismissed as improperly allowed.

*Dismissed.*