CARL O. TAYLOR

*v.*

CHARLES MILLER, *Commissioner,*

*West Virginia Department of Highways,*

*et al.*

(No. 14260)

Decided November 28, 1978.

*J. D. Huffman* for relator.

*Anthony G. Halkias* for respondents.

MILLER, JUSTICE:

This case presents several questions involving the finality of orders in an eminent domain proceeding . Relator Carl O. Taylor seeks a writ of mandamus to compel the State to pay him the amount awarded by a jury. The State contends mandamus will not lie because there is no final order. Both parties agree that under the law, mandamus will not lie to compel the State to pay an eminent domain award unless there is a final order and the appeal time has expired. *State ex rel. Judy v. Kiger*, 153 W.Va. 764, 172 S.E.2d 579 (1970); *State ex rel. Cassinelli v. Bassett*, 148 W.Va. 697, 137 S.E.2d 232 (1964); *State ex rel. Smith v. Hall*, 94 W.Va. 400, 119 S.E. 166, (1923); *Poling v. Board of Education*, 50 W.Va. 374, 40 S.E. 357, (1901); *see* F. Ferris & F. Ferris, Jr., *The Law of Extraordinary Legal Remedies* §§ 212, 215 (1926); S. Merrill, *Law of Mandamus* §§ 130, 131 (1892).

Neither party disputes the essential facts. At a consolidated jury trial of the issue of the just compensation to be paid, Taylor, the landowner, obtained a combined verdict of $81,750 in the Circuit Court of Braxton County.[1] The court orders entered March 25, 1977, recite the

[1] The West Virginia Department of Highways condemned five separate parcels of relator's land as a result of two road projects. By agreement the two resulting suits were consolidated. The word "order" is sometimes used herein and refers to the companion orders entered in the two suits, each order having the same operative language.

demands for jury trial and the holding of the trial on March 10-11, 1977; quote the respective verdicts and state their acceptance by the court. They conclude by stating that the State had moved to have the verdicts set aside and a new trial awarded. The landowner's objection was noted and the State was granted ten days in which to file a written assignment of errors containing grounds in support of the motions.

On April 4, 1977, the State filed written motions for a new trial. On August 22, 1977, after having received legal memoranda and having heard oral argument, the court entered its written opinion overruling the State's motions for a new trial.

After the court had entered its written opinion, the landowner and the State negotiated for several months, and, indeed, have never come to an agreement upon, the contents of an order reciting the judgment of the court with respect to the motions for a new trial.

On June 6, 1978, the court entertained a motion by the State that such an order be entered and a motion by the landowner that, if entered, it should be a *nunc pro tunc* order. The landowner wanted the order retroactive either to March 25, 1977, the date of the court's order reciting and accepting the jury verdicts, or to August 22, 1977, the date of the court's opinion. The court ruled that the order with regard to the motions for a new trial would be entered *nunc pro tunc* to August 22, 1977.

I

The landowner initially contends that the order entered on the jury verdict constitutes a final order which the State failed to appeal within eight months.

Both parties acknowledge that Rule 81(a)(6) of the West Virginia Rules of Civil Procedure expressly excludes eminent domain proceedings from the operation of those Rules. *State Road Commission v. Hereford*, 151 W.Va. 526, 153 S.E.2d 501 (1967). They also agree that W.Va. Code, 58-5-4, prescribes the time within which an appeal must be taken. This Code section states in relevant part:

> "No petition shall be presented for an appeal from, or writ of error or supersedeas to, *any judgment, decree or order*, whether the State be a party thereto or not, *which shall have been rendered or made more than eight months before such petition is presented.*" [Emphasis added]

The emphasized language in this section, except for that prescribing the time limit on taking an appeal, has remained unchanged since 1877. In that year the Legislature finally departed from the Virginia statutory use of the phrase "any *final* judgment, decree or order" [emphasis added], Chapter 182, Section 3, Virginia Code of 1849.[2]

In *Lloyd v. Kyle*, 26 W.Va. 534, 537-39 (1885), we said this change must have been a purposeful one:

> "The alteration, as we have seen, was first made in the Code of 1868, then in 1872 the old law was restored, and then in 1877, the alteration was again made and has been continued ever since. This persistence in effecting and preserving the change is strong evidence that it was not made inadvertently, but advisedly and for a purpose. This purpose may be readily divined when we consider it has been always held, under the Virginia statute, that there is not and never has been any limitation to the right of appeal from interlocutory decrees so long as the case is pending in court.—*Kendrick v. Whitney*, 28 Grat. 646.
>
> "Interlocutory decrees 'requiring money to be paid, or real estate to be sold, or the possession or title of property to be changed, *or adjudicating the principles of the cause*,' and especially the last, very nearly, in their nature and effect, approximate final decrees, and it is often difficult to distinguish the line that separates them; consequently, if there be any sound policy in prescribing a limit to appeals from final decrees the

[2] The West Virginia Code of 1868, our first Code, had omitted the word "final," but the 1872-73 Acts of the Legislature restored it. Chapter 135, Section 2, Code of 1868; Chapter 17, Section 3, 1872-73 Acts; *Lloyd v. Kyle*, 26 W. Va. 534, 538 (1885).

same policy must apply to such interlocutory decrees as possess the same right of appeal. Acts of limitation are based upon considerations looking to the peace and repose of society. The legislature may have considered with much reason, that the policy of Virginia which fixed no limit to appeals from any class of interlocutory decrees, was unwise, and that sound policy required that there should be a limit, at least to such interlocutory decrees, as approximate final decrees in their nature and effect." [Emphasis in original] [26 W. Va. at 539-40]

To be appealable, therefore, an order either must be a final order or an interlocutory order "approximat[ing]" a final order in its "nature and effect." *See Stout v. Philippi Mfg. & Mercantile Co.*, 41 W.Va. 339, 344, 23 S.E. 571, 573 (1895); *Buster v. Holland*, 27 W.Va. 510, 523-24 (1886); *Core v. Strickler*, 24 W.Va. 689, 693-96 (1884).

The landowner contends the orders of March 1977 were appealable orders, as they confirmed the jury verdict which adjudicated the merits of the case. He points to the fact that since the Rules of Civil Procedure do not apply, Rule 72 of the Rules, which triggers the beginning of the appeal time upon the trial court's "granting or denying a motion for new trial," is not applicable. He contends no similar requirement exists outside the Rules of Civil Procedure mandating that a party file a motion for a new trial in order to have an appeal.

The landowner acknowledges that W.Va. Code, 56-6-28,[3] governs the procedure to be followed in granting a new trial in "any civil case or proceeding," but insists this statute is not mandatory. This Court has held, however, that in order for appellate review of an alleged trial

---

[3] The text of this section reads:

"In any civil case or proceeding, the court before which a trial by jury is had may grant a new trial, unless it be otherwise specially provided. A new trial may be granted as well where the damages are too small as where they are excessive. Not more than two new trials shall be granted to the same party in the same cause on the ground that the verdict is contrary to the evidence, either by the trial court or the appellate court, or both."

error to be had, the party asserting error not only must object when it is made and file a bill of exceptions, but must also request a new trial, have it refused by the trial court, and object on the record to the refusal. *State v. Cruikshank*, 138 W.Va. 332, 336-39, 76 S.E.2d 744, 747-48 (1953); *Breedlove v. Galloway*, 109 W.Va. 164, 165, 153 S.E. 298, 299 (1930); *Danks v. Rodeheaver*, 26 W.Va. 274 (1885). The Court stated in *Cruikshank:*

> "In the early case of State for the use of Price v. Phares, 24 W. Va. 657, this Court said in point 3 of the syllabus that 'In a case tried by a jury, no matter how many exceptions are taken to rulings of the court made during the trial, unless a motion is made before the trial-court to set aside the verdict, and that motion is overruled, all such errors saved will by the appellate court be deemed to have been waived.' " [138 W.Va. at 338; 76 S.E.2d at 748]

Thus, it is clear that under the foregoing cases we require in an eminent domain case that a motion for a new trial must be filed and overruled in order to preserve trial errors for purpose of appellate review. The State could not have appealed the March 1977 orders which confirmed the jury verdict, since no motion for new trial had been filed and overruled.

II

Alternatively, the landowner contends that the court's written memorandum opinion of August 22, 1977, should constitute a final order. However, we have held that ordinarily a judicial memorandum opinion lacks the requisite finality to be appealable, since it does not constitute the formal judgment order of the court. *Coltrane v. Gill*, 99 W.Va. 447, 454, 129 S.E. 469, 471 (1925); *Armstrong v. Ross*, 56 W.Va. 16, 48 S.E. 745 (1904); *Corley v. Corley*, 53 W.Va. 142, 44 S.E. 132 (1903); *Steenrod's Administrator v. W.P. & B. Railroad Co.*, 25 W. Va. 133, 135 (1884). The reasoning of these cases is bottomed not upon a mere formal distinction between an opinion and a final decree or order, but upon the eminently practical difference between them, as stated in *Coltrane:*

> " 'Under our statute appeals are allowable in any case in chancery wherein there is a decree or order adjudicating the principles of the cause. * * * The expression of the opinion of the court is not such adjudication. * * * The matter is still in the breast of the court, and the judge may change his opinion before entering an appealable decree. *Hanna v. Banks*, 55 W. Va. 185, *Corley v. Corley*, 53 W. Va. 142; 2 Cyc. 614-616; 2 Ency. Pleading and Practice, 62-65.' *Armstrong v. Ross*, 56 W.Va. 16." [99 W.Va. at 454, 129 S.E. at 471]

Since the opinion of the trial court may be revised, it would be premature to allow an appeal before it becomes embodied in the final judgment of the court. Moreover, an opinion is insufficient to constitute a final judgment because it does not give fair notice to the litigants or their counsel that it is a final judgment or order and that the time for appeal has thus begun to run. Attorneys have traditionally recognized, as our cases attest, that an opinion is followed by a final order. To hold now that an opinion is, after all, the final judgment, would be to discard a long-standing custom and usage upon which litigants and their counsel have come to rely.

Having concluded that neither the post-trial orders of March 25, 1977, nor the judicial opinion of August 22, 1977, was appealable, we must also conclude that the time for taking an appeal has not started to run. *Queen v. Queen*, 116 W. Va. 650, 182 S.E. 783 (1935); *Coltrane v. Gill, supra*.

III

The respondent, the West Virginia Department of Highways, argues that if there was no final judgment, the court erred in ruling that a final order should be entered *nunc pro tunc* to the date of its opinion. It points out that the practical effect of the entry of a *nunc pro tunc* final order would be to truncate its appeal time.

The function of a *nunc pro tunc* order is either to compensate for judicial delay in entering an order where "the suitors have done all in their power to place the

cause in a condition to be decided by the court," or to compensate for delay in entering the judgment caused by the error of a court functionary, such as the clerk. *Cameron v. Cameron,* 105 W.Va. 621, 623-24, 143 S.E. 349, 350-51 (1928). Where, however, a *nunc pro tunc* order would cause the appeal time of the party adversely affected by it to expire, and he was not given reasonable notice that a final judgment had been reached, such an order will not be allowed. *Mooney v. Barton,* 155 W.Va. 329, 332-34, 184 S.E.2d 322, 324-25 (1971); *State ex rel. Palumbo v. County Court,* 151 W.Va. 61, 68, 150 S.E.2d 887, 891-92 (1966); *Baker v. Gaskins,* 125 W.Va. 326, 327-28, 24 S.E.2d 277, 278 (1943).

Of these decisions, *Mooney v. Barton* is factually the closest to the case at bar. There, the trial court awarded judgment for the plaintiff and the defendant moved in a timely manner for a new trial. The court subsequently held a hearing on the motion and decided the motion, but did not enter a final order until several months later. The court also made its final order *nunc pro tunc* to the date of the hearing on the motion. The plaintiff sought to bar defendant's appeal by contending that the five-and-one-half months should be counted against his appeal time. In rejecting this argument, we said:

> "We find no merit in appellees' contention that the June 4, 1970, order is a nunc pro tunc order as of December 19, 1969. The appellants made a timely motion for a new trial, and the fact that the order overruling such motion was not signed by the trial judge or entered by the clerk until some five and one-half months after a hearing on such motion does not appear to be the fault of appellants. A party desiring to appeal cannot be deprived of this right by the failure of the trial court, for whatever reason, to enter a timely order or some memorandum of the action taken from which a party may have a right to appeal. Otherwise the appealable order might be withheld for over the eight-months' appeal period." [155 W.Va. at 334, 184 S.E.2d at 325]

Clearly, under *Mooney* and its companion cases, a final order should not be entered on a *nunc pro tunc* basis where it would reduce a party's appeal period.

We therefore conclude that no final appealable order has been entered in this case. Consequently, the writ of mandamus prayed for is denied and the rule heretofore awarded is discharged.

*Writt denied.*