# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**M.W., Petitioner Below,**
**Petitioner**

**vs) No. 14-0853** (Kanawha County 12-D-1933)

**L.W., Respondent Below,**
**Respondent**

**FILED**

June 15, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner M.W., by counsel Michael T. Clifford and Richelle K. Garlow, appeals the Circuit Court of Kanawha County's July 28, 2014, order denying his petition for appeal from the Family Court of Kanawha County's June 18, 2014, order.[1] Respondent L.W., by counsel D. Randall Clarke, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Ariella G. Siblerman, also filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his petition for appeal because the family court erred in: (1) authorizing the guardian to determine whether petitioner made progress in certain courses so that he could resume counseling sessions with his child; and (2) ordering that unredacted psychological notes be disclosed only to the guardian, for her determination of whether said notes would harm the child if disclosed to the remaining parties.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties divorced in Jackson County in 2005. The marriage produced one child. Due to an incident in 2005 involving petitioner breaking and entering into respondent's home with a firearm, petitioner was arrested, convicted, and incarcerated in 2006. Following that incident, petitioner's visitation with the child was suspended, and respondent was granted primary custodial responsibility of the child. Although the details are not clear from the record on appeal, petitioner was ultimately released from prison, and it is uncontested that he later received parenting time with the child.

---

[1]Pursuant to Rule 40 of the West Virginia Rules of Appellate Procedure, initials have been used instead of the parties' full names.

In 2012, petitioner filed for modification of child custody, seeking equal parenting time.[2] Thereafter, respondent filed a response that included a counter petition for modification to limit petitioner's parenting time, due to alleged acts of domestic violence in the child's presence, and a petition for contempt of previous court orders due to petitioner's failure to pay child support. Respondent argued that petitioner's visitation should be supervised by a third party and that petitioner posed a danger to the child.

In January of 2013, the family court appointed the guardian, Ms. Silberman, to represent the child's best interests. In October of 2013, by court order, petitioner and the child began counseling sessions with Dr. Timothy Saar, a licensed psychologist. In May of 2014, the family court held a final hearing on the petition for modification. The family court heard evidence that in December of 2013, petitioner became angered that he could not visit with the child outside of Dr. Saar's presence, scolded the child, left the counseling session early, and discontinued counseling sessions thereafter. Although he received a redacted version of Dr. Saar's notes, petitioner's counsel moved for disclosure of Dr. Saar's full, unredacted notes.[3] The guardian proffered that portions of those notes had been redacted to ensure the child's protection from parental retribution and to garner trust between the child and his psychologist. The family court ordered the guardian to review Dr. Saar's notes to determine the impact full disclosure would have on the child and to make a recommendation in camera on the issue.

On June 18, 2014, the family court entered its order from the May 19, 2014, hearing. In addition to ruling that the guardian review Dr. Saar's notes and make a recommendation as to their disclosure, the family court directed that petitioner could continue with counseling sessions with the child when the guardian concluded that he made significant progress in an anger management program. Upon such a determination, the guardian was ordered to request a hearing at her discretion. The family court's order did not include language indicating finality or explaining an aggrieved party's appellate rights, and it specifically stated that "the [family court] elects not to proceed with the final hearing at this time, in order to afford the Petitioner another opportunity to work towards reunification with the minor child."

On July 18, 2014, petitioner filed a petition for appeal in the Circuit Court of Kanawha County from the family court's June 18, 2014, order. In his appeal, petitioner alleged that the family court erred in permitting the guardian to review the psychologist's unredacted notes in camera to determine the impact disclosure of those unredacted notes would have on the child and in authorizing the guardian to determine whether petitioner made progress in anger management

---

[2]Although originally filed in the Family Court of Jackson County where the parties divorced, the matter was transferred to the Family Court of Kanawha County because both parties then resided in Kanawha County.

[3]The parties fail to explain what notes petitioner sought and what portions he received during discovery. It is clear from the record on appeal that petitioner, Dr. Saar, and the child participated in counseling sessions, for which presumably Dr. Saar took notes. However, it is unclear whether Dr. Saar met with the child individually, and if any notes were produced and sought from such individual sessions.

courses so that he could resume counseling sessions. By order entered on July 28, 2014, the circuit court denied the petition for appeal and affirmed the family court's order. The circuit court concluded that a family court has discretion to order a guardian to investigate a matter before it, which may include consulting with and obtaining information from medical professionals. It is from this order that petitioner now appeals.

On appeal, petitioner assigns two errors to the family court's order. First, he argues that the family court erred in directing the guardian to monitor petitioner's progress in court-ordered anger management classes and, if he made significant progress, to request a hearing on whether petitioner could resume counseling sessions with the child. Second, he argues that the family court erred in directing the guardian to review the child's unredacted psychological notes and make a recommendation on whether disclosure of those unredacted notes to all parties would harm the child. However, the record on appeal is clear that the family court has not made a ruling on the petition for modification of child custody at issue herein. Moreover, despite petitioner's concern over the guardian's potential for ex parte communications with the family court, we find no indication that the guardian took part in any such ex parte communications, given that petitioner immediately appealed the family court's order. Further, no ruling has been made as to whether the unredacted notes will be disclosed to all parties.

West Virginia Code § 51-2A-11 specifically provides that "[n]o appeal may be had under the provisions of this article from any order of a family court judge . . . other than a final order." Pursuant to Rule 28 of the West Virginia Rules of Practice and Procedure for Family Court, "[a] party aggrieved by a final order of a family court may file a petition for appeal to the circuit court[.]" We have explained that "[g]enerally, an order qualifies as a final order when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Durm v. Heck's, Inc.*, 184 W.Va. 562, 566, 401 S.E.2d 908, 912 (1991) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945) and citing *B.F. Goodrich Co. v. Grand River Dam Auth.*, 712 F.2d 453, 454 (10th Cir.1983)); *see also Guido v. Guido*, 202 W.Va. 198, 503 S.E.2d 511 (1998) (providing that, in contempt action based on final divorce order, order holding person in contempt without having yet imposed sanction was not final). To be appealable, therefore, an order either must be a final order or an interlocutory order approximating a final order in its nature and effect. *See Coleman v. Sopher*, 194 W.Va. 90, 94, 459 S.E.2d 367, 371 (1995) (stating that "[t]he usual prerequisite for our appellate jurisdiction is a final judgment, final in respect that it ends the case"); *see also* Syl. Pt. 4, *Taylor v. Miller*, 162 W.Va. 265, 249 S.E.2d 191 (1978) (holding that "[o]rdinarily a judicial memorandum opinion lacks the requisite finality to be appealable, since it does not constitute the final judgment order of the court"). This Court addressed the issue of a final order in syllabus point 3 of *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995) as follows:

> Under W.Va.Code, 58-5-1 (1925), appeals only may be taken from final decisions of a circuit court. A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.

3

"This rule, commonly referred to as the 'rule of finality,' is designed to prohibit 'piecemeal appellate review of trial court decisions which do not terminate the litigation[.]" *James M.B.*, 193 W.Va. at 292, 456 S.E.2d at 19 (quoting *United States v. Hollywood Motor Car Co., Inc.*, 458 U.S. 263, 265 (1982)). Further, our standard of review for family court appeals incorporates our appellate jurisdiction over orders that are final in nature:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a *final order* of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004) (emphasis added). Therefore, our appellate jurisdiction extends to those orders that are final in nature.

In the instant proceeding, petitioner challenged on direct appeal to the circuit court, the family court's June 18, 2014, order. However, the record is clear that that order is not final in nature or effect. It does not include language as to its finality and detailing appellate rights, pursuant to Rule 22(c) of the West Virginia Rules of Practice and Procedure for Family Court, nor does it "end[] the litigation on the merits and leave[] nothing for the court to do." *See* Rule 22(c), W.Va. R. Prac. & Proc. for Fam. Ct. (requiring final orders to contain specific language as to finality and appellate rights). To the contrary, that order clearly states that "the [family court] elects not to proceed with the final hearing at this time, in order to afford the Petitioner another opportunity to work towards reunification with the minor child." Therefore, based on the record on appeal, the family court's order was not final. As such, the circuit court lacked appellate jurisdiction to consider petitioner's petition for appeal of that order. Although the circuit court did not discuss its appellate jurisdiction in relation to the underlying interlocutory order, we find that the result of the circuit court's order, which effectively refused petitioner's petition for appeal, was correct, regardless of the grounds, reasons, and theories assigned by the circuit court.[4] *See* Syl. Pt. 5, *Hustead ex rel. Adkins v. Ashland Oil, Inc.*, 197 W.Va. 55, 475 S.E.2d 55

---

[4]The circuit court's order both "denied" the petition for appeal from the family court's order and "affirmed" the family court's order. Pursuant to the West Virginia Rules of Practice and Procedure for Family Court, the circuit court may refuse or grant a petition for appeal, which potentially prompts oral argument on the petition, and, in its final decision, the circuit court may refuse the petition *or* affirm or reverse the family court's order, in whole or in part. *See* Rule 31 W.Va. R. Prac. & Proc. for Fam. Ct. (requiring circuit courts to grant or refuse petitions for appeal from family court final orders); *see also* Rule 34, W.Va. R. Prac. & Proc. for Fam. Ct. (providing that circuit court final decisions on family court appeals "may refuse the petition for appeal, may affirm or reverse the family court final order, or may affirm or reverse in part"). In effect, the circuit court's denial of the petition for appeal was a refusal, pursuant to Rules 31 and 34. Although the circuit court erred in both refusing the petition for appeal and affirming the family court's order, such error is harmless as a matter of law. The circuit court lacked appellate jurisdiction to consider the family court's order on its merits and to affirm the same. We note that

(1996) (holding that "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment."); *Cadle Co. v. Citizens Nat'l Bank*, 200 W.Va. 515, 518, 490 S.E.2d 334, 337 (1997)(stating that "[w]e believe the circuit court reached the correct result in this case, but for the wrong reasons. We agree with the court in *Bank IV Topeka v. Topeka Bank & Trust Co.*, 15 Kan.App.2d 341, 343, 807 P.2d 686, 688 (1991) that 'where the trial court reaches the correct result based upon the wrong reason, this [C]ourt will affirm the trial court.'"). Therefore, petitioner's appeal to the circuit court was premature, and, therefore, we affirm the circuit court's order on that ground without discussing the merits of petitioner's assignments of error presented herein.

For the foregoing reasons, we affirm the circuit court's July 28, 2014, order effectively refusing petitioner's petition for appeal of the family court's June 18, 2014, order.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

our decision does not foreclose appellate review of these matters if properly brought at the appropriate time as allowable by law.