507 S.E.2d 714

**Linda K. MILLER, Individually, and Justin L. Miller, Who Sues By His Next Friend, Linda K. Miller, Plaintiffs Below, Appellants,**

v.

**Charles H. TRIPLETT, Defendant Below, Appellee.**

No. 24751.

Supreme Court of Appeals of
West Virginia.

Submitted May 13, 1998.

Decided July 17, 1998.

Larry E. Losch, Esq., William A. McCourt, Jr., Esq., Summersville, West Virginia, Attorneys for the Appellants.

Ellen A. Archibald, Esq., Brent K. Kesner, Esq., Tanya M. Kesner, Esq., Kesner, Kesner & Bramble, Charleston, West Virginia, Attorneys for the Appellee.

MAYNARD, Justice:

Linda Miller and Justin Miller, plaintiffs in a personal injury case, appeal the final order of the Circuit Court of Clay County entered April 4, 1997. The appellants raise three issues on appeal in support of their prayer for a new trial. The appellants also raise as error the circuit court's remittitur of Justin Miller's award, and the ordered splitting of court costs between Linda Miller and Charles Triplett. We affirm the judgment of the circuit court.

Upon reviewing the record, briefs, and arguments of counsel, this Court finds the appellants waived all errors which would support the award of a new trial by failing to comply with Rules 59(b) and 59(f) of the West Virginia Rules of Civil Procedure. We, therefore, decline to consider the plaintiffs' assignments of error in support of their prayer for a new trial. Also, we find that the circuit ·court did not abuse its discretion in ordering remittitur and splitting court costs. Accordingly, we affirm the final order of the Circuit Court of Clay County.

### I.

### FACTS

On July 14, 1993, Linda K. Miller was driving a vehicle on Route 19 in Clay County, West Virginia. Linda Miller's son, Justin Miller, was a passenger in the vehicle. The Millers' vehicle was struck from behind by a car being driven by Charles H. Triplett. On July 13, 1995, the Millers sued Mr. Triplett for injuries and other expenses arising out of the collision.

A trial was held on January 8 and 9, 1997. The jury found in favor of the plaintiffs and awarded Linda Miller $9,000 [1] and Justin Miller $5,000.[2] Following the verdict, the court invited the parties to make post-trial motions. The appellants failed to make a motion for a new trial, despite being given ample opportunity to do so. On April 4, 1997, judgment was entered on the verdict. Thereafter, the appellants neglected to serve a written motion for a new trial within ten days from the entry of judgment in accordance with Rule 59(b) of the West Virginia Rules of Civil Procedure. In fact, the appellants completely failed to make a motion for a new trial before the circuit court. Instead, the appellants attempted to raise errors in support of their prayer for a new trial for the first time with this Court.

### II.

### DISCUSSION

On appeal, the appellants pray that this Court will grant them a new trial citing three errors by the circuit court. First, the appellants assert the circuit court erred in giving the jury a "missing witness" instruction pertaining to certain medical personnel. The circuit court gave an instruction which essentially stated that if the jury believed the plaintiffs received treatment from medical providers for injuries sustained in the accident, then the failure of the plaintiffs to call the medical providers as witnesses or to otherwise explain their absence gives rise to an inference that the witnesses would have testified adversely to the interest of the plaintiffs. The appellants argue that the court should not have given a missing witness instruction because the witnesses were equally available to both parties, the testimony would not be material, and the testimony would be cumulative of other evidence offered at trial. Second, the appellants contend the circuit court refused to permit their chiropractor, Stephen Wolford, to testify to a reasonable degree of medical certainty about the plaintiffs' future

---

**1.** The jury found that Linda Miller was 30% negligent; Linda Miller's award was reduced to a net recovery of $6,300.

**2.** Justin Miller's award was subsequently reduced to $3,922.50, upon the defendant's motion for remittitur.

injuries.[3] Due to the appellants' failure to file a motion for a new trial and the waiver which resulted, this Court declines to consider the issue at this time. Finally, the appellants argue the circuit court improperly prevented one of their witnesses from testifying about an out-of-court statement made by a witness for the defendant.[4]

■ Upon review of the record, we decline to consider the issues presented because they were not properly preserved with the trial court.[5] In Syllabus Point 2 of *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 470 S.E.2d 162 (1996), this Court stated, "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." The Court further explained that "[t]he rule in West Virginia is that parties [seeking to preserve an issue for appellate review] must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace." *Cooper*, 196 W.Va. at 216, 470 S.E.2d at 170.

In the instant case, the appellants waived the errors which occurred during the trial by failing to make a motion for a new trial before the circuit court. Under our common law, it was axiomatic that,

> [i]f errors or supposed errors are committed by a court in its rulings during the trial of a case by a jury, the appellate court can not review these rulings, unless, first, they were objected to when made and the point saved and a bill of exceptions taken showing these rulings during the term of the court, and unless, second, a new trial was asked of the court below and refused, and such refusal objected to in the court below, and this appears of record. If either of these essentials is omitted, the appellate court can not review the rulings.

Syllabus Point 1, in part, *Danks v. Rodeheaver*, 26 W.Va. 274 (1885). This requirement of moving for a new trial in order to preserve certain errors occurring during the trial was retained with the adoption of West Virginia Rule of Civil Procedure 59(f) which states:

> **If a party fails to make a timely motion for a new trial,** after a trial by jury wherein a verdict is returned without a direction thereof by the court, **the party is deemed to have waived all errors occurring during the trial which he might have assigned as grounds in support of such motion;** provided that if a party has made a motion under Rule 50(b) for judgment in accordance with his motion for a directed verdict and such motion is denied, his failure to move for a new trial is not a waiver of error in the court's denying or failing to grant such motion for a directed verdict. (Emphasis added.)[6]

The continued operation of our common law requirement was confirmed in *Taylor v. Miller*, 162 W.Va. 265, 249 S.E.2d 191 (1978), a decision rendered after the adoption of the Rules of Civil Procedure. *Taylor* concerned an eminent domain proceeding. There, it was recognized that Rule 72 of the West

---

3. We recognize the brief of the amicus curiae, the West Virginia Chiropractic Society, which urges the Court to adopt the view that chiropractors are competent to give opinion testimony in personal injury cases. As we do not reach that issue at this time, we invite the West Virginia Chiropractic Society to file a brief at a later time should this issue arise in a reviewable context.

4. During trial, the defendant's expert, Dr. Paul Bachwitt, testified that he could not find that Linda Miller had a continuing injury that could be attributed to the car accident, to a reasonable degree of medical certainty. Dr. Bachwitt finished testifying and was excused. Before Dr. Bachwitt testified, Deputy Randy Holcomb approached the plaintiffs' attorney and disclosed that he spoke to Dr. Bachwitt before Dr. Bachwitt testified. Deputy Holcomb advised the plaintiffs' attorney that Dr. Bachwitt stated, "I don't know why I'm here, this lady is obviously not faking." During Dr. Bachwitt's testimony, the plaintiffs did not question him about the statement he allegedly made to Deputy Holcomb. Instead, the plaintiffs attempted to call Deputy Holcomb to the stand to testify about Dr. Bachwitt's out-of-court statement. The defendant objected. The court sustained the objection because the plaintiffs, having previous knowledge of the statement, failed to question Dr. Bachwitt about the remark while he was on the stand.

5. We reiterate that in affirming the decision of the circuit court, we decline to comment on the merit of the issues raised on appeal because the issues were not properly preserved in the court below.

6. *See* footnote 6, *infra*.

Virginia Rules of Civil Procedure, which triggers the beginning of the appeal time upon the trial court's "granting or denying a motion for a new trial under Rule 59," was not applicable since eminent domain proceedings are excluded from the operation of the Rules. The appellant contended that "no similar requirement exists *outside the Rules of Civil Procedure* mandating that a party file a motion for a new trial in order to have an appeal." *Taylor*, 162 W.Va. at 269, 249 S.E.2d at 194 (emphasis added). Justice Miller stated, however:

> The landowner acknowledges that W.Va. Code, 56-6-28, governs the procedure to be followed in granting a new trial in "any civil case or proceeding," but insists this statute is not mandatory. This Court has held, however, that in order for appellate review of an alleged trial error to be had, the party asserting error not only must object when it is made and file a bill of exceptions, but must also request a new trial, have it refused by the trial court, and object on the record to the refusal.

*Taylor*, 162 W.Va. at 269–270, 249 S.E.2d at 194 (footnote and citations omitted). The Court concluded in Syllabus Point 3 that "[i]n an eminent domain case, a motion for new trial must be filed and overruled in order to preserve trial errors for purposes of appellate review."

Rule 59(f) has recently been amended.[7] The 1997 Advisory Committee Note to that amendment states in part:

> As in the federal system, the making of post-trial motions under Rule 50 or Rule 59 is not a jurisdictional prerequisite for appeal. But while our subdivision (f) does not make a Rule 59 motion jurisdictional, it does impose a penalty on the party who fails to make such a motion, that penalty being that the party is then "deemed to have waived all errors occurring during the trial which [the party] might have assigned as grounds in support of such motion." If the motion for a new trial or to alter or amend a judgment is made, how-

ever, *no* such grounds are deemed to have been waived, even if they are not specifically stated in the motion. It can thus be argued that Rule 59(f) functions more as a procedural trap for the unwary or inexperienced attorney than it does as a mechanism for adding substance and meaning to the post-trial process.

On the other hand, a Rule 59 motion for a new trial or to alter or amend a judgment is the *only* post-trial motion that permits the trial judge to consider errors that the judge is alleged to have committed during trial (other than its "error" in refusing to grant a Rule 50(b) motion for judgment notwithstanding the verdict). It can thus also be argued that Rule 59(f) is an appropriate mechanism through which to encourage, if not require, litigants to bring such alleged errors first to the attention of the trial judge who they claim made them, thus giving the trial judge the first opportunity to address the alleged errors, decide if they actually were errors, determine if any errors need to be corrected, and, if so, decide upon the best way of doing so. This procedure also assures that the Supreme Court of Appeals has before it the most complete record possible relative to the alleged infirmities that it is being asked to remedy.

A careful reading of this commentary reveals that not every trial error has to be specifically set forth in the motion for a new trial in order to raise that error on appeal. Rather, as long as a motion for a new trial is timely filed, all errors occurring during the trial which were objected to at the trial are properly preserved even though not specifically identified in the motion for a new trial. For example, a party timely filing a motion for a new trial in which one error is asserted may proceed to raise fifty alleged errors on appeal. If no motion for a new trial is made, however, the alleged errors occurring during trial which a party might have assigned as grounds in support of the

---

7. The amendment to Rule 59(f) became effective April 6, 1998. The amendment makes no substantive changes to the rule. Specifically, the phrase "wherein a verdict is returned without a direction thereof" is changed to "in which judg- ment as a matter of law has not been rendered;" "a directed verdict" is changed to "judgment as a matter of law;" and the words "he" and "his" are changed to "the party" and "the party's."

motion are waived. As stated in the commentary, a motion for a new trial on the grounds of alleged errors occurring during the trial gives the trial judge one last chance to correct any error made during the trial. The requirement of Rule 59(f) is in accord with our common law. The requirement is fair and it is logical. We find, therefore, if a party fails to make a timely motion for a new trial, Rule 59(f) of the West Virginia Rules of Civil Procedure bars consideration on appeal of alleged errors which occurred during the trial which a party might have assigned as grounds in support of a motion for a new trial.[8]

■ The time period for making a motion for a new trial is found in Rule 59(b) which states, "A motion for a new trial shall be served not later than 10 days after the entry of the judgment." This Court has explained the rule by stating, "The requirement of Rule 59(b) of the Rules of Civil Procedure that a motion for a new trial shall be served not later than ten days after entry of the judgment is mandatory and jurisdictional. The time required for service of such a motion cannot be extended by the court or by the parties." Syllabus Point 1, *Boggs v. Settle*, 150 W.Va. 330, 145 S.E.2d 446 (1965).

■ Taken together, Rule 59(b) and Rule 59(f) plainly state that if a party fails to serve a motion for a new trial within ten days from the entry of judgment, the party is deemed to have waived all errors that occurred during the trial which could be assigned in support of a motion for a new trial. These rules are clear and unambiguous. As stated above, the rules were designed to allow trial courts to correct errors which occur during

trial before the decisions are reviewed on appeal.

■ In the case before us today, the appellants failed to make a motion for a new trial at any time before the circuit court. It is incumbent upon parties to adequately preserve errors for appeal. By failing to move for a new trial, the appellants waived the three trial errors which they now attempt to raise on appeal in support of their prayer for a new trial. The appellants failed to make an oral motion for a new trial, and failed to serve or file a written motion for a new trial with the circuit court.[9] The first time the appellants made a motion for a new trial was when their Petition for Appeal was filed with this Court on July 31, 1997, which is more than three and a half months after the entry of the judgment order. This was not only well beyond the 10–day time limit imposed by Rule 59(b), but it was also filed with the wrong court.

■ The appellants also raise as error the circuit court's remittitur of Justin Miller's award, and the circuit court's splitting of de minimis costs between the parties. These issues are left to the discretion of the trial court and will not be disturbed on appeal unless the court abuses its discretion. *See Abdulla v. Pittsburgh & Weirton Bus Co.*, 158 W.Va. 592, 213 S.E.2d 810 (1975) (remittitur is reviewed for abuse of discretion) and *Perdomo v. Stevens*, 197 W.Va. 552, 476 S.E.2d 223 (1996) (assessment of court costs is reviewed under an abuse of discretion standard). The circuit court reduced Justin Miller's award from $5,000 to $3,922.50, find-

8. We strongly emphasize, however, that failure to make a motion for a new trial after the entry of judgment results only in a waiver of errors *occurring during the trial which the party might have assigned as grounds in support of the motion for a new trial.* It does not waive other alleged errors such as those listed in West Virginia Rule of Civil Procedure 60(b) which includes, for example, an appeal based on fraud, surprise or newly discovered evidence. Also, as noted in the language of Rule 59(f), a party's failure to file a timely motion for a new trial does not waive the right to appeal the denial of a Rule 50(b) motion for judgment notwithstanding the verdict. (We note that the designation of a Rule 50(b) motion

as a "motion for judgment notwithstanding the verdict" has been changed to a "judgment as a matter of law" in the amendment of Rule 50 effective April 6, 1998.)

9. At the oral presentation of this case, the appellants' counsel stated that he did not make a motion for a new trial for tactical reasons, rather than inadvertence or ignorance. We are at a loss to determine any tactical advantage which can be garnered from failing to make a motion for a new trial and strongly discourage attorneys from making such a decision in future cases.

ing that the jury's award for medical expenses was greater than the amount placed into evidence at trial. W.Va.Code § 58–2–5 (1923) permits trial courts to amend jury verdicts in order to conform with the evidence presented at trial. Also, the circuit court split court costs, finding that Justin Miller's award was more than Mr. Triplett's offer of judgment, and Linda Miller's award was less than Mr. Triplett's offer of judgment. Linda Miller was ordered to pay half the court costs, and Mr. Triplett was ordered to pay half the court costs. Rule 68(c) of the West Virginia Rules of Civil Procedure states, in pertinent part, that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." We find no error in the circuit court's rulings regarding the remittitur and court costs issues.

## III.

## CONCLUSION

We issue this opinion today to send a forceful message to attorneys. The ramifications of failing to make a motion for a new trial after the entry of judgment, pursuant to Rule 59(b), are harsh. If such a motion is not made below, we will not consider on appeal perceived errors which would support the granting of a new trial. This is in accordance with the plain language of Rule 59(f). Accordingly, the final order of the Circuit Court of Clay County is affirmed.

Affirmed.