STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

Isaac W. Ferguson,
Plaintiff Below, Petitioner

FILED

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 11-1328 (Jefferson County 10-C-191)

Aggregate Industries Building Materials, LLC,
Defendant Below, Respondent

MEMORANDUM DECISION

Petitioner Isaac W. Ferguson, pro se, appeals the circuit court's order of judgment entered August 22, 2011, dismissing all of petitioner's claims pursuant to the jury verdict at trial. Aggregate Industries Building Materials, LLC, by counsel Theodore A. Schroeder and Shannon H. Paliotta, filed a response in support of the circuit court's order of judgment.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 19, 2009, petitioner was terminated from his position with respondent, where he had worked for approximately three and a half years. In February of 2009, petitioner suffered a herniated disc in his lower back while working for respondent. The claim was held compensable by the workers' compensation claims administrator, but eventually was denied due to respondent's inadequate insurance.

Petitioner filed the complaint in this action in June of 2010, alleging causes of action for disability and workers' compensation discrimination, under the West Virginia Human Rights Act and Workers' Compensation Act, respectively, as well as a claim of invasion of privacy for drug testing. On July 6, 2010, petitioner and respondent entered into a stipulation to extend respondent's time to answer. Petitioner's counsel withdrew on July 14, 2011. The trial was held on August 9 and 10, 2011; the jury found that each of petitioner's actions was not proven by a preponderance of the evidence, and that petitioner was not a "disabled person," as defined by the jury instructions.[1]

---

[1] The jury instructions define a "disabled person" as being one having "a mental or physical impairment which substantially limits one or more of his major life activities. The term 'major life activities' includes functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. . . . [I]t is sufficient . . . that the

On appeal, petitioner raised several overlapping claims in the four assignments of error in his notice of appeal, three assignments of error in his petition, and twelve statements of issues in his petition, some of which are inappropriate for adjudication on appeal.[2] In addition, many of petitioner's proffered errors are nothing other than petitioner's disagreement with the jury's verdict. Despite raising numerous issues in his "statement of issues," petitioner fails to address many of these alleged issues in the argument section of his petition. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that petitioner's brief contain an argument exhibiting clearly the points of fact and law presented. That Rule also requires that such argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." As this Court previously found,

> "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs.' (Citation omitted). Moreover, as this Court held in Syllabus Point 2 of WV Dept. of Health & Human Resources Employees Federal Credit Union v. Tennant, 215 W.Va. 387, 599 S.E.2d 810 (2004), '[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.' Syllabus Point 5, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966)."

*State v. Myers*, 229 W.Va. 238, 728 S.E.2d 122, 130 (2012). In addition, this Court has previously held that issues not addressed in an appellant's brief were deemed waived. *Damron v. Haines*, 223 W.Va. 135, 139 n.5, 672 S.E.2d 271, 275 n.5 (2008); *see In re Edward B.*, 210 W.Va. 621, 625 n.2, 558 S.E.2d 620, 624 n.2 (2001). Thus, this Court will only consider the assignments of error for which argument is set forth in the petition.

Petitioner first alleges that he should have been granted a default judgment because he was not informed that the time to answer was extended by a stipulation by petitioner's prior counsel. Petitioner next argues that the jury erred in finding that respondent was suffering from "financial hardship" that served as the reason he was terminated. Petitioner asserts the lower court erred in not giving a jury instruction pertaining to financial hardship. However, petitioner offered no evidence disputing respondent's evidence of financial hardship.

---

Defendant perceived or regarded [the plaintiff] as disabled and that this perception was a substantial factor in the Defendant's decision to terminate the Plaintiff, whether or not the Plaintiff actually was disabled."

[2] One of petitioner's assignments of error in his petition is labeled "misconduct of counsel," which relates to statements 8 and 9 in his "statement of issues" in his petition, dealing with trial counsel's behavior. Petitioner also raises fraud in his petition, which was not addressed below and is thusly not proper to address on appeal.

Petitioner next argues that the jury was improperly instructed and that it should have been required to determine whether petitioner was, in fact, disabled, pursuant to the Americans with Disabilities Act ("ADA"). Petitioner further argues that the jury erred in finding that respondent had not discriminated against petitioner under the Workers' Compensation Act because the circuit court excluded evidence relating to how petitioner was injured, and that the jury erred in not granting petitioner benefits owed him for an injury. Finally, petitioner argues that the circuit court erred in its instructions to the jury on his claim of invasion of privacy. Petitioner asserts the lower court erred in not explaining to the jury what an "unreasonable intrusion upon his seclusion" and "good faith objective suspicion" are under West Virginia law, and for not following this Court's holding in *Twigg v. Hercules Corp.*, 185 W. Va. 155, 406 S.E.2d 52 (1990), for purposes of his invasion of privacy claim.

In response, respondent argues, citing to West Virginia Trial Court Rule 20.01, that "the time to answer or otherwise respond to a complaint may be extended by stipulation[,]" and that the parties did so. Respondent argues that petitioner failed to meet his burden to show that the jury's findings would result in a miscarriage of justice, if affirmed; and that the evidence showing that the facility where petitioner worked closed soon after petitioner's termination supported finding his termination was nondiscriminatory. Respondent argues that petitioner did not make a claim under the ADA, but only under the West Virginia Human Rights Act. Respondent argues that petitioner did not address the issue of Worker's Compensation benefits in his complaint, and therefore the circuit court did not err when it prevented petitioner from introducing evidence on that point at trial. Finally, respondent argues that the circuit court's instructions were taken directly from *Twigg*, and were a proper statement of law in West Virginia. *See id.* at 158.

The Court has carefully considered the merits of each of petitioner's arguments as set forth in his petition for appeal. First, the time for respondent to answer was properly extended by stipulation pursuant to Rule 20.01, and petitioner's counsel agreed to the extension. As to petitioner's claim that the jury was not properly instructed, this Court has found that"[a]s a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is de novo." Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996). Further,

> [a] trial court . . . has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion. Syl. Pt. 4, State v. Guthrie, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, in part, *State v. Kendall*, 219 W.Va. 686, 639 S.E.2d 778 (2006). As petitioner failed to object to the jury instructions, he waived any objection herein. Finally, this Court has held that "[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctness to alert a circuit court to the nature of the claimed defect.' Syllabus Point 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996)." Syl. Pt. 1, *Miller v. Triplett*, 203 W. Va. 351, 507 S.E.2d 714 (1998). Moreover,

3

if a party fails to make a timely motion for a new trial, Rule 59(f) of the West Virginia Rules of Civil Procedure bars consideration on appeal of alleged errors which occurred during the trial which a party might have assigned as grounds in support of a motion for a new trial.

Syl. Pt. 2, in part, *Miller*, 203 W. Va. 351, 507 S.E.2d 714. Petitioner made no such motion. Therefore, his remaining assignments of error will not be addressed by this court. Accordingly, we affirm.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II