**FILED**
**May 28, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Robert P. Martin and**
**Melanie A. Martin,**
**Defendants Below, Petitioners**

**vs)  No. 19-0745** (Pocahontas County 18-C-09)

**Donald W. Lovelace and**
**Ardel A. Lovelace,**
**Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

In March 2018, Respondent husband and wife Donald W. Lovelace and Ardel A. Lovelace filed this action to quiet title by adverse possession of a 0.75 acre parcel of real estate from their neighbors, Petitioners Robert P. Martin and Melanie A. Martin, husband and wife. Following a jury verdict, the Circuit Court of Pocahontas County entered judgment orders in favor of the Lovelaces on July 24, 2019, and assessed costs against the Martins.[1] The Martins filed a motion to alter or amend judgment under Rule 59 of the West Virginia Rules of Civil Procedure seeking to disallow costs, which was denied. The circuit court found that it had no discretion but to assess costs against the Martins. On appeal to this Court, the Martins contend the circuit court erred by: (1) denying their pre-trial motion for summary judgment; (2) ruling certain exhibits inadmissible at trial; and (3) assessing court costs against them.

This Court has considered the parties' briefs, their oral arguments, and the appendix record on appeal.[2] As explained below, we decline to consider whether the circuit court erred in denying the Martins' motion for summary judgment because that was an interlocutory order not subject to appeal. We also decline to consider the evidentiary issues raised by the Martins because they did not file a motion for a new trial. But under the facts presented here, we agree that the circuit court abused its discretion in assessing court costs against the Martins without considering their argument that it was inequitable. So, we reverse the circuit court's October 21, 2019 order and remand on the issue of court costs. Because this case satisfies the "limited

---

[1] The circuit court entered two orders on the same date. In one order, the court entered judgment in favor of the Lovelaces. In the other order, the court set the description of the adversely possessed property (with attached exhibits) and assessed court costs against the Martins.

[2] Petitioner Robert P. Martin is an attorney licensed to practice law in this State. Mr. Martin represents himself and his wife in this appeal. The Lovelaces are represented by Barry L. Bruce, Esq.

circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, a memorandum decision is appropriate to resolve the issues presented.

## I. Factual and Procedural History

The Martins and the Lovelaces own neighboring tracts of land in Pocahontas County. This case arose when the Lovelaces filed an action seeking to enjoin the Martins from removing a portion of the fence between the two properties. The Lovelaces filed an initial complaint in March 2018, and an amended complaint in January 2019, to quiet title by adverse possession of a 0.75 acre tract from the Martins.[3] The Lovelaces maintained that they had purchased their property (66 acres more or less) in November 1978, had occupied the disputed 0.75 acres since that time, and "exercised control" of the 0.75 acre tract "continuously, hostilely, openly and notoriously, actually, and exclusively (over 39 years)." The Martins filed an answer denying the Lovelace's claims.[4]

After the close of discovery, the Martins filed a motion for summary judgment in February 2019. They argued that the Lovelaces failed to establish the essential elements of adverse possession, among other things.[5] Specifically, the Martins argued that the Lovelaces could not assert a claim of title or color of title to the disputed property, and that their use of the disputed property had been permissive. The Lovelaces argued that their claim was under color of title since their predecessor-in-title's deed included the disputed property. The Lovelaces also disputed the Martins' characterization of their use of the property as "permissive" because the fence line was in existence before the Martins purchased their property. The circuit court conducted a hearing on the Martins' motion for summary judgment in March 2019. The parties

---

[3] The Lovelaces amended their complaint after they realized that an exhibit attached to the original complaint (Exhibit A) was incorrect. During Mr. Lovelace's deposition, the Lovelaces introduced Exhibit 10 showing what they believed was the correct property line. They attached this document to their amended complaint.

[4] The Answer was not included in the appendix record.

[5] The elements required to establish adverse possession are set forth as follows:

One who seeks to assert title to a tract of land under the doctrine of adverse possession must prove each of the following elements for the requisite statutory period: (1) That he has held the tract adversely or hostilely; (2) That the possession has been actual; (3) That it has been open and notorious (sometimes stated in the cases as visible and notorious); (4) That possession has been exclusive; (5) That possession has been continuous; (6) That possession has been under claim of title or color of title.

Syl. Pt. 3, *Somon v. Murphy Fabrication & Erection Co.,* 160 W. Va. 84, 232 S.E.2d 524 (1977).

were advised, by e-mail from the court's clerk, that the motion was denied. But the circuit court did not enter an order reflecting its ruling.[6]

A jury trial commenced on April 8, 2019, and the jury returned a verdict in favor of the Lovelaces three days later. The jury found that the Lovelaces were entitled to adverse possession of the 0.75 acre tract. Later, in two orders entered on July 24, 2019, the circuit court entered judgment in favor of the Lovelaces, set the description of the adversely possessed property, and assessed court costs against the Martins.[7]

In August 2019, the Martins filed a motion to alter or amend judgment seeking to set aside the cost assessment. They argued that it was inequitable for the court to assess costs against them because they engaged in no wrongful conduct. The Martins claimed that they were hauled into court "and forced to defend" their property interests. They requested that the circuit court not assess costs against either party.[8] Alternatively, they requested an evidentiary hearing on the issue. The Lovelaces responded that the losing party is generally liable for court costs. In its October 21, 2019 order denying the Martins' motion, the circuit court stated that it "believed it had no discretion with regard to the assessment of and taxation of costs pursuant to Rule 54(d)" of the West Virginia Rules of Civil Procedure.[9] The circuit court advised the Martins to seek guidance from this Court on the issue.

## II. Standard of Review

The Martins raise three assignments of error, which require this Court to apply different standards of review. First, "[t]his Court reviews *de novo* the denial of a motion for summary judgment, where such a ruling is properly reviewable by this Court."[10] Second, "'[a] trial court's

---

[6] The Martins filed a motion for relief from the circuit court's ruling denying summary judgment. Rule 60(b) W. Va. R. Civ. Pro. But it does not appear that the circuit court ruled on this request.

[7] The circuit court assessed $3,995.52 in court costs ($3,690.52 for jury costs, $285 for court reporter fees, and $20 for copy costs).

[8] *See* W. Va. Code § 52-1-17(3), in part ("In the discretion of the court, and only when fairness and justice so require, a circuit court or magistrate court may forego assessment of the jury fee, but shall set out the reasons for waiving the fee in a written order[.]").

[9] Rule 54(d) provides, in relevant part: "Cost. Except when express provision therefor is made either in a statute of this State or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"

[10] Syl. Pt. 2, *West Virginia State Police v. Hughes*, 238 W. Va. 406, 796 S.E.2d 193 (2017) (quoting Syl. Pt. 1, *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 576 S.E.2d 807 (2002)).

evidentiary rulings, as well as its application of the Rules of Evidence, are subject to a review under an abuse of discretion standard.'"[11] And third, we are asked to consider the circuit court's order denying the Martins' motion to alter or amend a final order with regard to the cost assessment. We have held that:

> The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.[12]

Because we review assessment of costs under Rule 54(d) of the West Virginia Rules of Civil Procedure for an abuse of discretion, this standard applies.[13]

## III. Analysis

At the outset we note during a four-day trial, the jury heard evidence from both sides and visited the disputed property line. The jury decided that the Lovelaces met all the elements of their adverse possession claim, and the circuit court entered the jury's verdict in its judgment orders. The Martins do not raise any issue as to the jury's verdict or final judgment orders other than the cost assessment.[14] So, we are not asked to find that the jury was improperly instructed or that the verdict was incorrect.[15]

Instead of attacking the jury verdict, the Martins reach back to events that occurred prior to trial. In their first assignment of error, the Martins argue that the circuit court erred when it failed to grant their motion for summary judgment. The Lovelaces respond that this issue is not properly before this Court. They contend that the Martins waived this argument by not obtaining an order from the circuit court denying summary judgment or requesting a hearing on their motion for relief from the ruling denying summary judgment.

---

[11] Syl. Pt. 1, *State v. Varlas*, 237 W. Va. 399, 787 S.E.2d 670 (2016) (quoting Syl. Pt. 4, *State v. Rodoussakis*, 204 W. Va. 58, 511 S.E.2d 469 (1998)).

[12] Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998).

[13] *Smith v. Gebhardt*, 240 W. Va. 426, 429-30, 813 S.E.2d 79, 82-83 (2018) (citing *Bartles v. Hinkle*, 196 W. Va. 381, 472 S.E.2d 827 (1996)).

[14] The appendix record has no transcripts of the jury trial or any hearing in the case.

[15] This Court has stated that "[w]hen a case involving conflicting testimony and circumstances has been fairly tried, under proper instructions, the verdict of the jury will not be set aside unless plainly contrary to the weight of the evidence or without sufficient evidence to support it." Syl. Pt. 4, *Laslo v. Griffith*, 143 W. Va. 469, 102 S.E.2d 894 (1958); *see also* Syl. Pt. 2, *McNeely v. Frich*, 187 W. Va. 26, 415 S.E.2d 267 (1992).

We decline to consider whether the circuit court erred in denying the Martins' motion for summary judgment, especially in light of a full trial on the merits and a lack of a summary judgment order. The denial of summary judgment retains its interlocutory character as simply a step along the route to trial and final judgment. This Court has held that: "An order denying a motion for summary judgment is merely interlocutory, leaves the case pending for trial, and is not appealable except in special instances in which an interlocutory order is appealable."[16] This case does not present any special circumstance that would make the circuit court's interlocutory ruling appealable. So, we reject this assignment of error.

The Martins also argue that the circuit court made evidentiary errors at trial. They contend that it failed to properly consider and ruled inadmissible Exhibit A, attached to the Lovelace's original complaint,[17] as well as the tax map aerial photographs maintained by the Office of the Assessor of Pocahontas County. The Lovelaces counter that this Court should not address the merits of this argument because the Martins failed to file a motion for a new trial.[18]

Rule 59(f) of the West Virginia Rules of Civil Procedure addresses what happens when a party fails to move for a new trial:

> If a party fails to make a timely motion for a new trial, after a trial by jury in which judgment as a matter of law has not been rendered by the court, the party is deemed to have *waived all errors occurring during the trial* which the party might have assigned as grounds in support of such motion.[19]

This Court addressed the application of Rule 59(f) in *Miller v. Triplett*.[20] In that case, a jury awarded a verdict in favor of the plaintiffs for injuries they sustained in an automobile accident. The plaintiffs appealed the favorable verdict and sought a new trial because of the small size of the award. This Court applied Rule 59(f) and declined to address the assignments of error made by the plaintiffs because they failed to file a motion for new trial. In doing so, we held that "if a party fails to make a timely motion for a new trial, Rule 59(f) . . . bars consideration on appeal of alleged errors which occurred during the trial which a party might

---

[16] Syl. Pt. 8, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of NY*, 148 W. Va. 160, 133 S.E.2d 770 (1963).

[17] *See* note 3, *supra*.

[18] The parties disagree as to whether the Martins moved for judgment as a matter of law at the end of the Lovelaces' case in chief, or at the close of the evidence. Because the appendix record does not contain a trial transcript, we are unable to verify whether that motion was made. In any event, the determinative issue is that the Martins failed to file a motion for a new trial.

[19] (Emphasis added).

[20] 203 W. Va. 351, 507 S.E.2d 714 (1998).

have assigned as grounds in support of a motion for a new trial."[21]  So, we decline to grant relief with regard to these evidentiary issues because the Martins failed to file a motion for a new trial.

The Martins' final argument on appeal is that the circuit court abused its discretion in assessing costs against them.  They state that (1) the circuit court was wrong to conclude that it had no discretion with regard to cost assessment, and (2) it was inequitable to assess costs against them when they were simply defending their real property rights in this suit.  The Lovelaces counter that this Court should not disturb the circuit court's ruling.

Rule 54(d) provides, in relevant part: "Cost. Except when express provision therefor is made either in a statute of this State or in these rules, costs shall be allowed as of course to the prevailing party *unless the court otherwise directs*[.]"[22]  By its plain language, Rule 54(d) vests the circuit court with discretion in assessing court costs.[23]  So, contrary to its belief, the circuit court had wide discretion when determining whether to assess court costs against the Martins.[24]  The term "discretion," signifies action taken "in the light of reason as applied to all the facts and with a view to the rights of all the parties to the action while having regard for what is right and equitable under the circumstances and the law."[25]  And the circuit court, by its own admission, exercised no discretion and assessed costs against the Martins simply because the Lovelaces prevailed in the suit.

For these reasons, we agree with the Martins that the circuit court abused its discretion by not exercising it and failing to consider the equitable arguments that mitigate against assessing costs to the Martins.[26]  We grant relief on this assignment of error, reverse the circuit court's order denying the Martins' motion to alter or amend the final order with regard to the cost assessment, and remand for further consideration.

---

[21] 203 W. Va. at 356, 507 S.E.2d at 719.

[22] (Emphasis added).

[23] *See McKenzie v. Sevier*, __ W. Va. __, 854 S.E.2d 236, 251 (2020) (stating Rule 54(d) imbues court with discretion in assessing court fees; but court must state its reason for assessing fees against prevailing party).

[24] Syl. Pt. 4, *Collins v. City of Bridgeport*, 206 W. Va. 467, 525 S.E.2d 658 (1999); *see also Nagy v. Oakley*, 172 W. Va. 569, 309 S.E.2d 68 (1983) (stating equitable considerations are part of court's discretion in assessing costs).

[25] *State v. Lead Indus. Ass'n, Inc.*, 69 A.3d 1304, 1309 (R.I. 2013) (quotation marks and citations omitted).

[26] *See, e.g., Banker v. Banker*, 196 W. Va. 535, 548, 474 S.E.2d 465, 478 (1996) ("An abuse of discretion occurs in three principal ways: (1) when a relevant factor that should have been given significant weight is not considered; (2) when all proper factors, and no improper ones, are considered, but the family law master in weighing those factors commits a clear error of judgment; and (3) when the family law master fails to exercise any discretion at all in issuing the order.").

## IV. Conclusion

For the above reasons, we affirm the circuit court's July 24, 2019 judgment orders insofar as it entered the jury verdict and set the description of the property the Lovelaces attained by adverse possession. But we reverse the circuit court's October 21, 2019 order denying the Martins' motion to alter or amend judgment to set aside the cost assessment and remand this case for further proceedings consistent with this decision.

Affirmed in part, reversed
in part, and remanded.

**ISSUED:** May 28, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

7