**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Larry Arnold Young,**
*Plaintiff Below, Petitioner*

**vs.)   No. 22-0056** (Mercer County 19-C-309-DS)

**Glenda Darlene Lawson and**
**Wanda Carol Donahue,**
*Defendants Below, Respondents*

## MEMORANDUM DECISION

Petitioner Larry Arnold Young appeals the order of the Circuit Court of Mercer County, entered on December 21, 2021, entering judgment in his favor for $17,016.62.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The parties are the children of Edna G. Young ("the decedent"), who died testate on or about August 1, 2008. In her will, the decedent gave 10% of her net estate to petitioner and 90% of her net estate to respondents. Because petitioner was incarcerated at the time that the decedent made her will, the decedent directed that the 10% bequeathed to petitioner be held in trust for his benefit. The decedent named respondents as co-trustees of petitioner's trust and directed them "to transfer the balance of the [t]rust to [petitioner]" once he was released from incarceration. The decedent also named respondents as co-executrices of her estate.

On August 13, 2008, respondents submitted the will for probate before the Mercer County Commission. On April 23, 2009, respondents filed an estate appraisal with the county commission. In January of 2012, petitioner was released from incarceration by the Federal Bureau of Prisons.[2] Although not reflected in the record, petitioner states that the estate was closed in September of 2015. In any event, the probate of the estate did not prevent the parties from disputing the

---

[1]Petitioner is self-represented. Respondents Glenda Darlene Lawson and Wanda Carol Donahue appear by counsel Kyle G. Lusk, Matthew A. Bradford, and Brandon L. Gray.

[2]The record does not reveal the offense for which petitioner served a federal prison sentence.

1

ownership of various assets, including real estate, that belonged to the decedent but were claimed by petitioner. Respondents consequently filed a declaratory judgment action against petitioner in the Circuit Court of Mercer County on December 16, 2019. On January 29, 2020, and February 27, 2020, petitioner filed a counterclaim and then an amended counterclaim,[3] generally alleging that respondents violated their duties as co-trustees of petitioner's trust and as co-executrices of the decedent's estate. The circuit court disposed of the entirety of respondents' claims and most of petitioner's claims by ruling on pretrial motions. Accordingly, the circuit court, by order entered on April 28, 2021, found that the only remaining claims were ones asserted by petitioner and realigned the parties by designating petitioner as the plaintiff and respondents as the defendants.

The circuit court held a trial on petitioner's remaining claims on May 4, 2021. According to the verdict form, the jury was asked to determine (1) whether petitioner was due "any balance from the testamentary trust"; (2) what was the gross value of the decedent's estate; (3) what was the net value of the decedent's estate; (4) what was 10% of the decedent's net estate; (5) what credits owed to respondents, if any, should be deducted; and (6) what amount was petitioner entitled to receive from respondents "for the complete distribution of the trust." After deliberations, the jury found that the net value of the decedent's estate was $191,753. Accordingly, the jury found that 10% of the decedent's net estate was $19,175.30. However, the jury further found that respondents were entitled to a credit of $1,400 to be deducted from the $19,175.30 judgment. Post-trial, petitioner filed a petition for an accounting of his trust and respondents filed a motion for a new trial or, in the alternative, a remittitur of the jury's verdict. Following a hearing, the circuit court, by order entered on December 21, 2021, denied petitioner's petition, finding that the jury's verdict constituted the accounting he sought as a part of his counterclaim. Next, the circuit court denied respondents' motion for a new trial. However, the circuit court determined that a remittitur of the jury's verdict was proper, finding that "the jury failed to properly consider funeral and interment expenses [in calculating the net value of the estate]." With reductions for those expenses, the circuit court found that the net value of the decedent's estate was $184,166.18. Ten percent of that amount was $18,416.62. From $18,416.12, the circuit court deducted $1,400 credit that the jury found was owed to respondents and consequently entered judgment for petitioner in the amount of $17,016.62.

Petitioner now appeals the circuit court's December 21, 2021, order entering judgment in his favor for $17,016.62. "On an appeal to this Court[,] the [petitioner] bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973). Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part:

> *Argument:* The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The

---

[3]While petitioner labelled his original counterclaim as a "motion for summary judgment," based upon its review of the pleading, the circuit court found that it was a counterclaim.

argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The . . . Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

*See also State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).

On appeal, petitioner fails to clearly state the points of fact and law on which he is relying, provide any standards of review that may be applicable to this case, or set forth assignments of error. Accordingly, respondents argue that petitioner's arguments do not comply with Rule 10(c)(7). Based upon our review of petitioner's brief, we find that he lists twenty-two "issues" or claims on which he asks this Court to enter judgment in his favor or, in the alternative, remand this case "to a different [c]ircuit [c]ourt for [t]rial by [j]ury." Petitioner cites to *no* legal authorities. Rather, for each claim, petitioner proffers his version of the facts and describes the declaration or order he wants this Court to enter. Petitioner never addresses—or even mentions—the fact that the circuit court disposed of most of his claims either through dismissal or summary judgment. Petitioner also never addresses—or even mentions—the circuit court's pretrial finding that, regardless of their merits, some of his claims were time-barred. Therefore, pursuant to Rule 10(c)(7), we do not construe petitioner's arguments as challenging the circuit court's orders dismissing, or granting summary judgment to respondents on, the majority of his claims.

However, "[w]hen a litigant chooses to represent himself, it is the duty of the trial court [and this Court] to insure fairness, allowing reasonable accommodations for the [self-represented] litigant so long as no harm is done an adverse party[.]" *State ex rel. Dillon v. Egnor*, 188 W. Va. 221, 227, 423 S.E.2d 624, 630 (1992) (internal quotations and citations omitted). Accordingly, we do construe petitioner's brief as raising the following two issues: (1) that the judge presiding over the parties' case exhibited bias against petitioner; and (2) that petitioner deserves a new trial on those issues decided by the jury. *See Franklin v. Pence*, 128 W. Va. 353, 356, 36 S.E.2d 505, 508 (1945) (recognizing that the assignments of error were general in nature making it "difficult to determine the exact points relied upon for reversal[,]" and causing the Court to rely upon "statements in the brief" that were "considered as indicating the main grounds of attack upon the judgment").

Petitioner initially argues that "a different [c]ircuit [c]ourt" should hear his case. The record reflects that petitioner filed a motion for the presiding judge's disqualification. At a February 18, 2020, hearing, the circuit court found that petitioner's disqualification motion failed to meet the requirements of West Virginia Trial Court Rule 17.01, "instruct[ing] [petitioner] that he must file

3

a verified certificate pursuant to Rule 17.01(a)(2)."[4] Instead of filing a verified certificate, petitioner withdrew his disqualification motion. Therefore, we find that that petitioner waived any claim that the judge was prejudiced against him.

Petitioner further argues that he deserves a new trial on those issues decided by the jury. While it was respondents—not petitioner—who filed a motion for a new trial, petitioner did file a post-trial petition for an accounting of his trust. We construe petitioner's petition as a motion for a new trial given that, in denying the petition, the circuit court found that the jury's verdict constituted the accounting he sought as a part of his counterclaim. Indeed, the verdict form essentially asked the jury to determine the net value of the decedent's estate and to decide whether the 10% of the net estate that was bequeathed to petitioner still needed to be transferred to him. Accordingly, we utilize the following standard of review:

> [A]s a general proposition, we review a circuit court's rulings on a motion for a new trial under an abuse of discretion standard. . . . Thus, in reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Williams v. Charleston Area Med. Ctr., Inc.*, 215 W. Va. 15, 18, 592 S.E.2d 794, 797 (2003) (quoting *Tennant v. Marion Health Care Found., Inc.*, 194 W. Va. 97, 104, 459 S.E.2d 374, 381 (1995)).

Based upon the record before us, we discern no abuse of discretion in the circuit court's determination that the jury's verdict constituted an accounting of the value of the testamentary trust established for petitioner's benefit. While we assume that petitioner believes that the jury should have awarded him a larger judgment, it has been long established that a litigant is only entitled to a fair trial, but not a perfect trial "because such a thing does not exist." *Sprouse v. Clay Commc'n, Inc.*, 158 W. Va. 427, 464, 211 S.E.2d 674, 698 (1975). We have further found that fundamental fairness is synonymous with due process of law and that "[t]he fundamental requisite of due process of law is the opportunity to be heard." *State ex rel. Peck v. Goshorn*, 162 W. Va.

---

[4] West Virginia Trial Court Rule 17.01(a)(2) provides that a motion for a judge's disqualification must:

> (2) Be accompanied by a verified certificate of counsel of record or unrepresented party that they have read the motion; that after reasonable inquiry, to the best of their knowledge, information, and belief, it is well grounded in fact and is warranted by either existing law or a good faith argument for the extension, modification, or reversal of existing law; that there is evidence sufficient to support disqualification; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[.]

420, 422, 249 S.E.2d 765, 766 (1978) (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)). As a self-represented litigant, petitioner was afforded great latitude in his presentation to the jury given that respondents based their own motion for a new trial, which was also denied, upon "[petitioner]'s attempts to offer improper evidence." While the circuit court repeatedly instructed the jury to disregard any improper evidence, it still allowed petitioner to present his case in the way he thought appropriate. Therefore, petitioner had an adequate opportunity to be heard. Accordingly, we conclude that petitioner had a fair trial and the circuit court did not abuse its discretion in denying him a new trial.

To the extent that petitioner's second argument includes a challenge to the circuit court's remittitur, the court found that "the jury failed to properly consider funeral and interment expenses" for the decedent—petitioner's mother—when its members calculated the net value of the estate. Thus, we again discern no abuse of discretion in the court's ruling. *See Miller v. Triplett*, 203 W. Va. 351, 356, 507 S.E.2d 714, 719 (1998) (stating that remittitur is "left to the discretion of the trial court and will not be disturbed on appeal unless the court abuses its discretion") (citing *Abdulla v. Pittsburgh & Weirton Bus Co.*, 158 W. Va. 592, 610, 213 S.E.2d 810, 822 (1975)). Accordingly, we conclude that petitioner cannot meet his burden of showing that the circuit court erred in its December 21, 2021, order entering judgment for petitioner in the amount of $17,016.62.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

5