IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**May 1, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM HINES and DIANE HINES,**
**Defendants Below, Petitioners**

**v.) No. 25-ICA-226**    (Cir. Ct. of Preston Cnty. Case No. CC-39-2022-C-10)

**SPIROFF WAUGERMAN PROPERTIES, LLC,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioners William Hines and Diane Hines appeal the jury trial order entered by the Circuit Court of Preston County on May 2, 2025. Respondent Spiroff Waugerman Properties, LLC, did not participate in this appeal.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

From the outset, we find that the record on appeal is sparse, which limits this Court's recounting of the facts. We further note that on September 29, 2025, the Court granted petitioners' motion for an extension of time[2] and entered an amended scheduling order, which stated that petitioners had until October 27, 2025, to file their amended brief and amended appendix. Petitioners filed neither. Therefore, based upon the limited record, the Court's recitation of the facts is as follows.

According to the circuit court's order, the underlying matter involved a right of way dispute in which respondent sued petitioners, asserting claims for ejectment and private nuisance. Petitioners asserted the counterclaim that respondent had abandoned the right of way. A jury trial was held April 28-29, 2025.[3] On April 28, 2025, after the jury was impaneled and sworn, respondent called multiple witnesses. This included respondent's

---

[1] Petitioners are self-represented.

[2] Petitioners' motion claimed that they needed additional time to obtain the complete trial transcript and supplement their assignments of error.

[3] Petitioners were self-represented, and respondent was represented by counsel.

principal owners, and expert testimony from the surveyor who recently surveyed the disputed right of way and authenticated the survey that was admitted into evidence. Respondent also offered testimony from representatives of the county clerk's office who authenticated several deeds that were admitted into evidence. The court's order reflects that respondent presented seven exhibits at trial, which consisted of deeds, plats, and the survey; all of which were admitted without objection.

The trial resumed on April 29, 2025. Prior to petitioners' presentation of evidence, the circuit court addressed preliminary matters in chambers. At that time, an issue was raised regarding one of petitioners' witnesses who had previously performed mine reclamation work in the area and was subpoenaed by petitioners to testify regarding the right of way. During voir dire, the witness stated that he did not possess any relevant information regarding the right of way, and as a result, the court struck him as a witness.

Thereafter, petitioners called two other witnesses who demonstrated knowledge of the right of way and petitioners testified on their own behalf. Notably, Ms. Hines admitted that her trial testimony was inconsistent with her prior deposition testimony in the case. Further, the court's order reflects that it removed Ms. Hines from the witness stand and disallowed her from offering further testimony due to her "egregious actions while on the witness stand in violation of the [c]ourt's repeated admonishments" both during trial and pre-trial hearings. Mr. Hines testified as to his understanding of the right of way. The jury trial order reflects that petitioners offered several exhibits, including a deed, which were admitted without objection.

After the close of petitioners' evidence, respondent offered no rebuttal; the circuit court proceeded to instruct the jury, and the parties made closing arguments. Following deliberations, the jury returned its verdict, which found that petitioners had failed to meet their burden in proving abandonment, and that respondent had established its claims for ejectment and private nuisance. Regarding the private nuisance claim, the jury awarded respondent $15,000 in compensatory damages and $5,000 in punitive damages against petitioners.

The jury trial order was entered on May 2, 2025. The order memorialized the jury's verdict, directed that petitioners were immediately ejected from the right of way, and granted respondent a judgment for the $20,000 in damages. Petitioners filed no post-trial motions and this appeal followed.[4]

On appeal, petitioners raise various arguments, all of which assert errors specific to the jury trial. For example, petitioners make several contentions related to the general

---

[4] After this appeal was docketed with the Court on June 5, 2025, petitioners filed a motion for stay in circuit court on July 7, 2025. The circuit court denied the motion.

premise that the circuit court would not allow them to present all their evidence,[5] and that the court was biased and treated petitioners harshly during trial. They also make arguments centered on the sufficiency of the trial evidence. However, the Court is unable to consider any of these alleged errors because petitioners did not preserve them for appeal.

Specifically, our review of petitioners' arguments is foreclosed by the fact that they filed no post-trial motions. This point is significant when viewing the record through the lens of the applicable provisions of the West Virginia Rules of Civil Procedure. To illustrate, we begin by observing that, while petitioners overtly challenge the sufficiency of the trial evidence on appeal, there is nothing in the record to establish that petitioners made a motion for judgment as a matter of law at any point during trial and renewed that motion after trial. *See* W. Va. R. Civ. P. 50 (requiring the motion to first be made prior to the case being submitted to the jury and renewed within twenty-eight days from the entry of judgment).

Relevantly, neither the order on appeal nor the circuit court docket sheet contains any mention of such motion. Further, the Court is without the benefit of the trial transcript in the appendix record to determine if a proper motion was made orally at trial. Therefore, petitioners have not preserved their right to challenge the sufficiency of the evidence on appeal. *See* Syl. Pt. 5, *W. Va. Dep't of Transp., Div. of Highways v. Newton*, 235 W. Va. 267, 773 S.E.2d 371 (2015) ("A party's failure to file a post-verdict motion for judgment as a matter of law under Rule 50(b) of the West Virginia Rules of Civil Procedure precludes this Court from reviewing an insufficiency of the evidence claim.").

Similarly, we further observe that there is no indication from the record that petitioners filed a motion for a new trial pursuant to Rule 59 of the West Virginia Rules of Civil Procedure, which must be filed "no later than [twenty-eight] days after the entry of judgment." W. Va. R. Civ. P. 59(b). Furthermore:

> If a party fails to make a timely motion for a new trial, after a trial by jury in which judgment as a matter of law has not been rendered by the court, the party is deemed to have waived all errors occurring during the trial which the party might have assigned as grounds in support of such motion; provided

---

[5] On this issue, petitioners contend, among other things, that the circuit court dismissed all of their witnesses, prevented petitioners from introducing several exhibits that they claim are dispositive of the case in their favor, refused petitioners' attempts to introduce certain exhibits because they contained handwritten comments by petitioners in margins, and stopped them from explaining the meaning of the deeds and records to the jury. Petitioners also blame the circuit court for their self-represented status, claiming that the court is the reason that three different lawyers they retained during the pendency of the litigation withdrew their representation.

that if a party has made a motion under Rule 50(b) for judgment in accordance with the party's motion for judgment as a matter of law and such motion is denied, the party's failure to move for a new trial is not a waiver of error in the court's denying or failing to grant such motion for judgment as a matter of law.

W. Va. R. Civ. P. 59(f).

Pointedly, precedent addressing Rule 59 establishes two key points; notably, that the twenty-eight-day timeframe for filing a motion under Rule 59(b) is "mandatory and jurisdictional," and that the failure to file a timely motion "bars consideration on appeal of alleged errors which occurred during the trial which a party might have assigned as grounds in support of a motion for a new trial." Syl. Pts. 2 and 4, in part, *Miller v. Triplett*, 203 W. Va. 351, 507 S.E.2d 714 (1998). In the present case, all of petitioners' complaints on appeal involve trial errors that could have been raised in a motion for a new trial. However, because petitioners did not file a motion for new trial, they have waived the right to assert trial error on appeal. Therefore, we decline to disturb the order on appeal and affirm the circuit court's May 2, 2025, jury trial order.

Accordingly, we affirm.

Affirmed.

**ISSUED:** May 1, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White